ALFRED WEBSTER, Respondent, *v.* THE HUDSON
RIVER RAILROAD COMPANY, Appellants.

*Contributory negligence—Imputation.*

Where a Railroad Company has been guilty of negligence in running into a
passenger-car of another Company, and injuring the passengers, in an action
for damages against said Company, it is not competent for the Defendant to
prove that the Company whose passengers were injured by its carelessness,
was likewise guilty of negligence.

The Defendant is a railroad corporation, engaged in the trans-
portation of freight and passengers, by steam power, along the
east shore of the Hudson river, between New York and Albany.

The Plaintiff, on the 19th April, 1860, was a passenger on a
*through ticket* from the city of New York to East Chatham, by
steamboat to Hudson, and from Hudson to Chatham by the Hud-
son and Boston Railroad. The testimony shows that the Hudson
and Boston Railroad is a railroad starting from the steamboat
dock in Hudson, seven hundred or eight hundred feet west of the
Hudson River Railroad track, and runs eastwardly directly across
the Hudson River Railroad track. This road did a very large busi-
ness west of the Hudson River Railroad. Their track had been
laid and their business had been going on nineteen years.

When the Plaintiff arrived by the boat at the Hudson steamboat
dock, on the morning of April 19, 1860, between four and five
o'clock, he found the train of the Hudson and Boston road stand-
ing within fifty feet of the dock to receive him. He was called
upon by the servants of the road to enter, and he and the other
passengers got into the baggage-car to ride eastward to where the
train was more fully made up. The train at this time consisted
of an engine, a tender, a freight-car, and a baggage-car. The
train started from the usual point and at its usual time, and, while
crossing the track of the Hudson River Railroad, a train on that
road, coming from New York toward Albany, struck the baggage-

car in which the Plaintiff had been placed by the employés of the Hudson and Boston road, and seriously injured the Plaintiff.

The negligence of the Defendants was established by the finding of the jury, and is not in question here. The only questions arise upon the refusal of the Judge to charge that, if the Hudson and Boston road, on whose train the Plaintiff was a passenger, was also guilty of negligence, the Plaintiff cannot recover against the Defendants. The Defendants requested the Judge to charge the jury, " that if the negligence of the Hudson and Boston Railroad Company, its agents or servants, caused, or contributed to cause, the collision, and consequent injury to the Plaintiff, he cannot recover," which was refused, and the Defendants excepted. The same principle was presented in several other different requests, which the Judge also refused to charge. The jury found a verdict for the Plaintiff, the judgment upon which was affirmed by the General Term. The Defendants now appeal to this Court.

*J. H. Reynolds* for the Appellants.

*M. I. Townsend* for the Respondent.

HUNT, Ch.J.—The Plaintiff was properly in the cars of the Hudson and Boston Railroad Company, on his way to Chatham. It is not pretended that he was guilty of any personal negligence, or that it was in his power, by any means, or in any degree, to have prevented the collision by which he was injured. Like every passenger in a train of cars propelled by steam, he was passive in the hands of the railroad company; unable to aid, if aid was useful, unable to delay or hasten a train, incompetent, and not permitted, to regulate or examine its machinery. His personal safety was exclusively under the control of others. Of the company to whose care he had intrusted himself, he was entitled to ask the very highest degree of care and attention; of all others, that ordinary care which all prudent people are bound to bestow in the management of their affairs. The jury have found that the Defendants were deficient in the use of such care, and I see no reason why they should not respond in damages. The " imputation " to the Plaintiff of the negligence of another is based upon

no sound principle. The fact that the Boston road was also guilty of negligence, furnishes, in law or morals, no excuse for the negligence of the Hudson River Company, and no reason why they should not respond in damages. (Sheridan *v.* Brooklyn and Newtown R. R. Co.; 36 N. Y. 39.)

In Chapman *v.* The New Haven R. R. Co. (19 N. Y. 341), and in Colegrove *v.* The N. Y. & N. H. and N. Y. & Harlem R. R. Cos. (20 id. 492), the question now before us was distinctly presented, and in each case was decided in favor of the Plaintiff. In the case of Brown *v.* N.Y. C. R. R. Co. (32 N. Y. 597), the question was somewhat discussed, but it did not exist in the case. There, the Justice at the Circuit had charged that the Plaintiff was responsible for the negligence of the driver of the stage in which she was riding, and the jury had found that there was no negligence on the part of the driver. The question of imputed negligence could not, therefore, have been decided in that case. The case of Thorogood *v.* Bryan (8 Com. B. 115), was cited in several of the above cases. The facts in that case show a clear question of personal negligence to be submitted to the jury. Instead of waiting for the driver of the omnibus in which he was riding to draw up to the sidewalk, and there to permit him to alight, as he had a right to require, the Plaintiff got out in the crowded street, and was at once, or soon, struck by an approaching omnibus. If there was negligence, the Plaintiff was the negligent party, although the driver of his omnibus may have been negligent also in not stopping at once, or in not driving to the sidewalk. This case is no authority for the decision of a case like the present.

Upon principle and authority, this case was rightly decided below, and the judgment should be affirmed.

Judgment affirmed.

JOEL TIFFANY,<br>State Reporter.