ARCTIC FIRE INSURANCE COMPANY v. AUSTIN.

*Negligence — contributory negligence must be personal — facts constituting — in mangement of steamboats.*

The contributory negligence which excuses the defendant from liability for injury caused in part by his negligence must be the personal act of the party injured, otherwise as to him all contributing thereto are joint wrong-doers.

Accordingly where the owner of corn shipped it by a boat over which he had no control, and it was lost in consequence of a collision between such boat and defendant's boat, caused by defendant's negligence; *held*, that the negligence of those in charge of the boat carrying the corn would not excuse defendant from liability from such loss.

The boat carrying the corn was, at the time, being towed by one of defendant's steamboats; the collision occurred with another boat towed by another of defendant's steamboats. It was claimed that at the time, which was a dark night, the boat containing the corn had no light. *Held*, that it was negligence for the pilot of the steamboat causing the collision, to assume because he saw no light that there was no tow, and to act upon such assumption, he knowing that the steamer he met had generally such tows, sometimes carrying and sometimes not carrying a light.

The pilot of the steamboat, towing the boat loaded with corn, knew that his tow had no light. *Held*, that it was negligence for him not to inform the pilot of the other steamboat by signal of that fact.

APPEAL by defendant from a judgment in favor of plaintiff, entered upon the verdict of a jury.

The action was brought by the Arctic Fire Insurance Company against Jeremiah Austin, president of the Albany and canal line of tow-boats, to recover for the loss of a cargo of corn in consequence of the negligence of the servants of defendant. The facts are fully set forth in the opinion.

*R. D. Benedict,* for appellant.

*George W. Parsons,* for respondent.

Present — DAVIS, P. J., DANIELS and WESTBROOK, JJ.

WESTBROOK, J. At the New York circuit, on the 7th day of March, 1872, by the verdict of a jury, Mr. Justice BRADY pre-

Arctic Fire Insurance Co. v. Austin.

siding, the plaintiff recovered a verdict for the sum of $7,814.24 against the defendant. The defendant appeals from the judgment perfected upon the verdict, and also from an order refusing a new trial, a motion for which was made upon the minutes of the court, and the case is now heard upon a re-argument.

The plaintiff was the insurer of a cargo of corn, which the owners, on the 1st day of August, 1863, shipped on the canal boat " J. L. Parsons," to be carried from Buffalo to New York.

On the night of August 19, 1863, while the " J. L. Parsons," with several other boats, and having the corn on board, was being towed from Albany to New York by the steamer " McDonald," belonging to the defendant, it collided with the tow of the steamer " Austin," also belonging to the defendant, from the effects of which the " J. L. Parsons " sank. The plaintiff, having paid the loss and taken an assignment of the claim of the owner of the corn for damages, brought this action. Upon the trial of the cause, it was claimed by the counsel of the defendant, that the boat " J. L. Parsons," which had the corn on board, was under the charge of her own captain, and that her commander could not be controlled by the captain of the steamer ; and that as the captain of the " Parsons " had been guilty of negligence, the plaintiff could not recover.

As to the question, " was the captain of the tug-boat the commander of the towed craft ? " there was evidence given on both sides. The learned judge left it as a question of fact for the jury to decide, who controlled the " Parsons " while in tow of the steamer — her own commander, or the captain of the steamer ; and he further told them that if they found that the canal boat was " subject to the order of the captain of the tug-boat," and that he " omitted to take the proper precautions which he should have taken for safe navigation, and for the safe delivering of freight, such, for example, as directing and insisting upon a light being put out, the plaintiff would be entitled to your verdict, and you need not consider any other question in the case."

The judge also further charged the jury: " If, however, you should come to the conclusion that the captain of the tug is not the captain of the whole flotilla, then it will be necessary for you to pass to the consideration of the questions in the case, whether the collision was the result of negligence on the part of the defendant, whether the ' Parsons ' contributed to the injury which was

sustained by her, and in consequence of which the freight was lost."

The counsel for the defendant excepted to that portion of the charge, which submitted to the jury as a question for them to decide, whether the "Parsons" was or was not, while in the tow, subject to the orders of the captain of the steamer.

Upon the authority of the former decision made by the court in this cause (54 Barb. 559) upon the first argument of the present appeal, it was thought that this exception was fatal to the verdict, for this court having held as matter of law that the captain and crew of the towed boat were not subject to the orders of the steamer, it was improper to submit that question as one of fact to the jury.

On motion, however, by the plaintiff a re-argument was ordered to discuss the questions whether, conceding the error of the charge in this respect, the defendant has sustained by it any injury whatsoever, and, whether also, conceding that the "Parsons" was under the control of her own commander, and that he was guilty of contributory negligence, such contributory negligence would excuse the defendant, provided the loss was indisputably caused in part by the negligence of such defendant, and whether it is indisputable that the defendant was guilty of negligence which caused the injury.

In the discussion of the questions which this re-argument involves, no opinion is pronounced by the writer of this opinion whether the view of the majority of this court, as contained in 54 Barbour, or that of the minority is the sounder, nor whether the learned judge before whom the cause was last tried did or did not pursue the proper course in leaving to the jury the question of the command of the "Parsons" as one of fact.

Two general terms of this court having determined, as matter of law, that the captain of the towed boat commanded her whilst in the tow, it would ill become us now to unsettle that question. Upon this argument it is assumed that those questions are settled in this court, and we pass, therefore, to a consideration of the new ones, which have been now discussed.

First, assuming that the defendant was guilty of negligence, and that the captain of the "Parsons" was guilty of contributory negligence, is the defendant to be acquitted from the consequences of the injury?

There is no dispute as to the general rule, that where a person is injured by the negligence of another, he cannot recover for such injury if his own negligence contributes to the result. It is not perceived, however, why, when a person not personally at fault, sustains injury, either in person or property, by the negligence of others, he should be precluded from a recovery by the contributory negligence of a party, who is carrying him or his property, when he is unable to control and does not control the movements of the latter. To the party thus injured, all who contribute thereto are wrong-doers, and are jointly and severally liable therefor.

In *Chapman* v. *New Haven R. R. Co.*, 19 N. Y. 341, it was held that " a passenger by railroad is not so identified with the proprietors of the train conveying him, or their servants, as to be responsible for their negligence," and that he could " recover against the proprietors of another train for damages from a collision through their negligence, though there was such negligence in the management of the train conveying him as would have defeated an action by its owners."

In *Colegrove* v. *N. Y. & New Haven R. R. Co.*, and *N. Y. & Harlem R. R. Co.*, 20 N. Y. 492, it was held that "a passenger injured by a collision resulting from the concurrent negligence of two railroad corporations may maintain a joint action against both."

In *Brown* v. *N. Y. Cent. R. R. Co.*, 32 N. Y. 597, which was a case of a passenger, in a stage, injured by the defendant, it is true, that while the judge (Davis) who delivered the opinion could see no difference in principle between the relation which the party injured in that case sustained to her carrier, from that of a passenger on a train of railroad cars, he intimates that the court were of opinion, that the passenger was responsible for the carelessness of the driver of the vehicle which carried her, yet the principle of the two former cases has been since again enunciated, and firmly held by the Court of Appeals.

In *Webster* v. *Hudson River R. R. Co.*, 38 N. Y. 260, it was held, " The negligence of defendant, whereby plaintiff was injured, being established by evidence, and there being no pretense that plaintiff was guilty of any *personal* negligence, the negligence of a third party contributory to the injuries furnishes no excuse for the negligence of the defendant, and no reason why he should not respond in damages."

In *Barrett* v. *Third Avenue R. R. Co.*, 45 N. Y. 628, which was an action by the plaintiff for injuries sustained whilst riding in a car of the defendant caused by a collision with the car of another party, it was held, "that if the acts of the defendant's servants contributed to the injury, the defendant was liable, although the negligent acts of the person in charge of the other car were also contributory," and that " the comparative degree in the culpability of the two will not affect the liability of either. If both were negligent in a manner contributory to the result, they are liable jointly or severally."

The same doctrine is maintained in *Metcalf* v. *Baker*, 11 Abb. (N. S.) 431. In that case the Superior Court of the city of New York, at general term, held, that "where plaintiff was riding gratuitous in A's carriage, and A was driving at the time, and by a collision with defendant's wagon, driven by defendant's servant, plaintiff was thrown out and injured * * the fact, that the accident was caused by the joint negligence of A and defendant's servant, was no defense."

It is difficult to see why these cases and others holding a similar doctrine do not apply to the one before us. The principle which they establish is, that the contributory negligence which excuses the defendant from liability for injury caused, in part at least, by his negligence, must be the *personal* act of the party injured, otherwise as to him all contributing thereto are joint wrong-doers.

In the present action, the owner of the corn was guilty of no negligence whatever. He placed his property on the "J. L. Parsons" to be carried to New York. He did not control the movements of that boat, nor the conduct of her crew, any more than the passenger in the train could direct its management. If the contributory negligence of the carrier of the passenger will not excuse the negligence of another, which injures him, then no reason can be given why the contributory negligence of the "J. L. Parsons" can excuse the present defendant, if it was guilty of negligence. The cases are exactly parallel in principle, and should be governed and decided by the same rule.

The case of *Milton* v. *Hudson River Steamboat Co.*, 4 Transcript Appeals, 252, affirms no contrary principle. The plaintiff in that case was the charterer of the canal boat, and the hirer of the hands who ran it, and consequently any negligence of those in charge was his negligence.

That would be like the case of a suit brought by one owner of a boat against another, or of one railroad company against another, in either of which cases the contributory negligence must defeat the recovery. The owner of the corn, the injury to which is the subject of this action, did not charter the " J. L. Parsons." He simply contracted for the carriage of his property, and being in no wise personally in fault, it is held that the contributory negligence of the vessel carrying his property will not exempt the defendants from liability.

We are now brought to the question, whether the undisputed evidence in the cause does not show that the defendant was guilty of some negligence which contributed to the injury; and whether by any possibility the jury would have been warranted in finding that the defendant was free from all negligence, and that the negligence of the captain of the "Parsons" was the sole cause of the injury?

In view of the fact that both steamers— the "Austin" which moved the up-tow, and the "McDonald" which drew the down-tow, of which the "Parsons" formed a part— were owned by the defendants, and that consequently both steamers and both tows were moved, according to its will, and placed where it saw fit to put them, how it can be free from all fault in a movement which it controlled and which resulted in an injury, it is exceedingly difficult to conceive. The "Parsons" occupied a position assigned to it by the defendant; at the time of the collision it was in a part of the river where the defendant had drawn it, and the body which came in collision with it was propelled and directed by the same hand. To hold, under such circumstances, that the defendant was entirely free from fault, and that the "Parsons" was the sole cause of the injury, would be similar to a decision which holds a person bound and carried, when another takes him, responsible for the position he thus occupies against his will.

The "Parsons" was on a hawser tier in the rear of the steamer. There were three other boats by her side, she being the eastern one of the three. In her rear were three other tiers. The collision occurred between Magazine Point and West Point in the Hudson river. Though the river was narrow at that point there was no difficulty in avoiding a collision. The excuse given by the pilot of the "Austin" for the accident is that after passing the "McDonald" on his way up the river, and not seeing her hawser tow, because, as

he claims, of the want of lights upon the boats composing it, he immediately hauled out toward the middle of the river, and the result was a collision between the barge "Washington," which was in tow on the west side of the "Austin" and the "Parsons."

It is claimed that the want of a light upon the boat carrying the corn was, therefore, the sole cause of the accident. To this position of the defendant there are several answers. 1st. It is carelessness and negligence in steamers approaching each other, when the night is so dark that they cannot see what they do, to assume that a certain state of facts exists, of which they have no knowledge. It surely would not be prudent for any person to govern his movements in implicit trust that no other person is negligent. It would be neither safe nor prudent for a person to drive rapidly over a road, when he could not see, upon the assumption that no person would be so careless as to leave a dangerous obstacle in his path. Neither is it prudent, and not negligence, for the pilot of a steamer, when meeting another, *which he knows has generally hawser tows, sometimes carrying, and sometimes not carrying, a light,* to assume because he sees no light that there is no hawser tow, and to act upon that assumption when it is so dark that he cannot see. It may be true that the want of a light upon the injured boat may contribute to the injury in such a way as to prevent a recovery by its owner for the damage done to it, but no one can say that the steamer, under such circumstances, was not equally in fault.

2. The pilot of the "McDonald" knew (if the evidence for the defense is to be believed) that his hawser tow carried no light, and if he supposed that there was danger, from the want of such light, of the pilot of the "Austin" supposing he had no hawser *tow,* he should have informed him that he had by the sound of his whistle, which all the witnesses concede would have been proper, and ought to have been done.

In the examination of this question of fact, it is unnecessary to analyze the evidence critically. The three great facts to which we have alluded must control it. Both steamers and both tows were where the defendant placed them ; the pilot of the "Austin" had no right to act upon an assumption, which his past experience taught him was often-times fallacious, and to act upon it when it was so dark (if the evidence of defense be true) that he could not see ; and the pilot of the "McDonald," knowing that he had a hawser tow carrying no light, was negligent in not giving notice of that fact to

the steamer he was passing. These facts the whole case establishes, and they demonstrate that the defendant has been guilty of negligence which caused the injury.

Having reached the conclusions that, simply contributing negligence by the "Parsons" will not exempt the defendant from liability, and that indisputably the defendant's. negligence caused, in part at least, the injury, it follows that the error of the judge before whom the cause was tried, in leaving to the jury to find, as a question of fact, which captain — that of the steamer or canal boat — controlled the latter, did not prejudice the defendant, because, upon the facts as claimed and proved by the defense, and the law applicable thereto, the plaintiff was entitled to recover.

The judgment should, therefore, be affirmed.

*Judgment affirmed.*