Johnson, J.
The plaintiff, though a minor, was sixteen years old, and was therefore sui juris.
She was fully capable of taking care of herself. Had her negligence or misconduct contributed to her injury she could not recover, though the company was also guilty.
The question fairly presented, therefore, is whether a minor child, who, being sui juris as to a reasonable care of her person and safety, lawfully and properly enters into a conveyance with her parent, and without fault on her part, is injured by the negligence of a street railroad company, is prevented from recovering against such negligent company because her parent has, by his negligence, contributed to the injury.
In Transfer Co. v. Kelley, 36 Ohio St. 86, this court held, that the concurrent negligence of a street car company, *95 whose passenger the plaintiff' was, with that of a transfer company, whereby there was a collision between the wagon of the latter with the car of the former, can not be imputed to the passenger, so as to charge him witji contributory negligence.
In that case,as in this, the plaintiff was not in fault, but there, as here, it was contended that the plaintiff' was so identified with, or related to the railroad company by the contract of carriage, that the fault of the carrier must be imputed to the passenger.
Neither in that case nor in this,was there any fault alleged against plaintiff'for becoming a passenger. The two cases differ in two respects only. There- the carriage was by a public carrier, presumably for hire or reward, while here it was by private conveyance, and presumably gratuitous. There the driver of the street car was a stranger to the passenger, while here he was her father, with whom she was riding home.
In that case, it was held that the driver in the street car was in no just sense the agent or servant of the passenger. If the driver had been under the control of the passenger, then, it was said, there might be some show ot reason for holding the passenger liable for the negligence of the driver. But as there was no such power of direction or control, the negligence of the driver of the car could not be imputed to the passenger.
That was held to be a ease of joint negligence of the railroad company and the transfer company for which they might be sued jointly or severally.
After a thorough examination of the numerous and conflicting authorities upon this point, some of which are cited in the opinion, we then declined to follow the case of Thorogood v. Bryan, 8 C. B. 115, and other like cases, which holds the passenger liable for the contributory negligence of his driver, where there was mutual fault of two drivers causing an injury, and, as before stated, held, that upon principle as well as upon the better authorities, the passenger *96 was not so identified with the vehicle in which he was riding as to make him responsible for the driver’s fault. It was held by us that the passenger in the street car was not responsible for the,negligence of the driver; that the latter was in no just sense the agent of the former, and had no control of or direction over the management of the vehicle in which he was riding, so as to identify driver and passe ngei’.
The opposite doctrine, though suppoi’tedby high authority, has not been received even in England with approbation.
We cite a few of the cases and text-books touching this vexed question, but since the subject was fully considered in The Transfer Co. v. Kelley, supra, we need not further consider it. See Armstrong v. The Lancashire and Yorkshire Railway Co., L. R. 10 Exch. Cas.47; Waite v. The N.E.R.R., El., B. & E. 719 (a case of a child too young to take care of itself); Lockhardt v. Litchenthaler, 46 Pa. St. 151 ; Thompson on Carriers of Passengers, Ch. VII, where all the cases pro and con. are cited, notes, p. 284; Bennett v. Railroad, 36 N. J. Law 225, 1 Smith Lead. Cases (8 Am. ed.), 505, *315; Danville, Turnpike Co. v. Stewart, 2 Met. (Ky.), 119; Chapman v. N. H. R. Co., 19 N. Y. 341; Colegrove v. N. Y. & N. H. R. Co., 20 N. Y. 492; Louisville C. & L. R. Co. v. Case, 9 Bush (Ky.), 728; Wharton on Neg., sec. 395; Webster v. H. R. R. Co., 38 N. Y. 260.
The foregoing cases mostly relate to passengers by public carriers, and where the passenger is injured by the negligence of another public earner or of a third pei’son.
It only remains to determine if a like rule applies where the plaintiff was a passenger in a private conveyance.
We think it does. The plaintiff in the case at bar was in no just sense the master, nor was her father her agent or under her control or direction.
In Puterbaugh v. Reasor, 9 Ohio St. 484, the want of ordinary care of plaintiff’s agent prevented his recovery, *97 when the agent’s negligence directly contributed to the injury, though the defendant was also guilty.
But it is well settled that passenger-s in a public conveyance are uot so liable for the negligence of the employes of the carrier, because they are uot the agents of the passenger. The same reasons apply with equal force to a private carrier.
Plaintiff’s relations to her father, being that of a passenger in his wagon, going to their common home, did not in law, make him her servant or agent, and as such responsible for his misconduct. If he had brought an action for the loss of services of his daughter, caused by this injury, his contributory negligence would defeat a recovery, nor could he recover for his own injuries for the same reason. This is because he was guilty with the defendant of causing the collision. Neither does- the fact that she was the daughter defeat her right. If her father’s misconduct or negligence contributed to the injury, why should that fact exonerate a joint wrong-doer ?
Robinson v. The N. Y. Cen. & H. R. R. Co., 66 N. Y. 11, was the case of a female, who had accepted an invitation to ride with a gentleman, who was the owner and driver of a buggy, in which they were riding, when she was injured through the joint negligence of her driver and a train of cars. Church, C. J., says: “I am unable to find any legal principle upon which to impute to the plaintiff the negligence of the driver. . . . The acceptance of an invitation to ride creates no more responsibility for the acts of the driver than the riding in a stage-coach, or even a train of cars, providing there was no negligence on account of the character or condition of the driver, or the safety of the vehicle, or otherwise. It is no excuse for the negligence of defendant that another person’s negligence contributed to the injury, for whose acts the plaintiff was not responsible.”
We think this reasoning unanswerable, notwithstanding the adverse criticism and contrary holding in Prideaux v. The City of Mineral Point, 43 Wis. 513.
*98 This doctrine of “ imputed negligence,” and the reasons for its application, were considered in B. & I. R. Co. v. Snyder, 18 Ohio St. 399. That was the case of a child six years old, and the negligence of the parent or custodian of the child did not prevent its recovery against one also guilty.
The court say the rule that contributory negligence bars a recovery is founded on : (1). The mutuality of the wrong; (2). The impolicy of allowing a party to recover for his own wrong; and, (3). The policy of making personal interests of parties depend on their own prudence and care. It was said all these are wanting in the ease then before the court.
With equal truth it can be said that all these reasons are wanting in the present case, where it is conceded the plaintiff was in no fault.
Whether in this case the father would have been jointly liable with the defendant we need not now determine. By the well-settled rule of law, he would be, unless his relations to her modifies this rule, for his culpable negligence, she being sui juris, and not guilty of want of proper care for her own safety. Boyd v. Watt, 27 Ohio St. 259; Wharton on Neg., sec. 144; Shearman & Redfield on Neg., sec. 58. If it be conceded that he would not be so liable, either by reason of his parental relation, or that it was a gratuitous service, that would not excuse the negligence of the defendant, nor bar the plaintiff, who was free from fault, from recovering from the other wrong-doer, whose negligence was a proximate cause of injury.

Judgment affirmed.