Florence S. Leeds, Respondent, v. New York Telephone Company, Appellant.

Negligence — Intervening and Proximate Cause — Fall of Chimney, to Which Telephone Wire Was Attached, Caused by the Wire Being Struck by the Boom of a Derrick.   Where a telephone wire, which had been attached to a chimney 39 feet above the ground for a period of two years, and which extended across the street, and beyond, to the top of a building 100 feet from the ground, was struck by the boom of a high derrick, used in hoisting materials upon a building being erected on the opposite side of the street, with sufficient force to pull the chimney over, and a person passing along the street was injured by the bricks falling from the chimney, the negligence of the persons operating the derrick must be deemed an intervening and the responsible cause of the accident, although there was evidence that the chimney had been weakened by age and decay; since the wire was far enough above the street to be out of the way of interference from usual street uses and the chimney was strong enough to sustain the wire until it was struck by the boom of the derrick.   Even assuming that the telephone company was negligent in continuing to maintain its wire upon a chimney which inspection would have shown to have become unsound, its omission of the duty of inspection was not the proximate cause of the fall of the chimney; remotely, it may have been a cause, but proximately it was simply the intervention of the derrick boom, carelessly allowed to swing out in the street, which enabled the accident to occur, and the person injured cannot, therefore, maintain an action against the telephone company to recover for such injuries.

*Leeds* v. *N. Y. Telephone Co.,* 79 App. Div. 121, reversed.

(Argued February 16, 1904; decided March 22, 1904.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 28, 1903, affirming a judgment in favor of plaintiff

entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Eugene Lamb Richards, Jr.*, for appellant. Assuming that defendant was negligent either in maintaining the wire around the chimney or over the lot, or in both, as parts of a single act, such negligence was not a concurrent proximate cause of the injury. (*Travell* v. *Baunerman*, 71 App. Div. 439; *Merritt* v. *Fitzgibbons*, 29 Hun, 634; *Gray* v. *Gas Co.*, 114 Mass. 149; *Phillips* v. *R. R. Co.*, 127 N. Y. 657; *Ring* v. *City of Cohoes*, 77 N. Y. 83; S. & R. on Neg. § 26; *Laidlaw* v. *Sage*, 158 N. Y. 73; *Lowery* v. *R. R. Co.*, 99 N. Y. 158; Thompson on Neg. [2d ed.] § 1245; Bigelow on Torts, 608–626.) The negligence of the iron works was an intervening cause insulating the negligence of this defendant and relieving it from liability. (*Laidlaw* v. *Sage*, 158 N. Y. 73; *Rider* v. *S. R. T. Ry. Co.*, 171 N. Y. 139; *Hoffman* v. *King*, 160 N. Y. 618; *Trapp* v. *McClellan*, 68 App. Div. 362; *Mitchell* v. *R. R. Co.*, 4 Misc. Rep. 575; *Connely* v. *Rist*, 20 Misc. Rep. 31; *Hofnagle* v. *R. R. Co.*, 55 N. Y. 608; *Howard* v. *St. Thomas*, 19 Ont. 719; *Bartlett* v. *G. Co.*, 117 Mass. 533.)

*Louis Hicks* for respondent. The immediate cause of plaintiff's injury was the falling of the chimney. The running and maintaining by defendant of its wire in such manner that any interference with the wire would precipitate the chimney to the sidewalk was an act without which the chimney would not have fallen. Defendant might reasonably have anticipated that the accident would result from its act, and its act was, therefore, negligent and unlawful and the proximate cause of the accident. (*Sheridan* v. *R. Co.*, 36 N. Y. 39; *Koplan* v. *B. G. L. Co.*, 177 Mass. 15; *McCauley* v. *Norcross*, 155 Mass. 584; *Lane* v. *Atlantic Works*, 111 Mass. 136; *Tousey* v. *Roberts*, 114 N. Y. 312; *Ring* v. *City of*

*Cohoes,* 77 N. Y. 83 ; *Rider* v. *Ry. Co.,* 171 N. Y. 155 ; *Laidlaw* v. *Sage,* 158 N. Y. 101 ; *Webster* v. *R. R. Co.,* 38 N. Y. 260 ; *Barrett* v. *R. R. Co.,* 45 N. Y. 628 ; *Philips* v. *R. R. Co.,* 127 N. Y. 657.)

GRAY, J. The plaintiff, while walking upon a street of the city of New York, was struck by bricks falling from a chimney and she has sued the defendant for damages, upon allegations that its negligence was the cause of her injuries. The material facts may be briefly stated. One of the telephone wires of the defendant was attached to the chimney of a house, at a height of some 39 feet above the ground, and, thence, was extended over the street and beyond, to the roof of a building, at a height of about 100 feet from the ground. The wire had been in that position for two years, with the permission of the municipal authorities, when the construction of a steel frame building was commenced by the Jackson Architectural Iron Works, on the side of the street opposite to the house, from whose chimney the wire extended. On the third floor of the building in course of construction, a derrick was placed for the purpose of lifting up materials for the framework. The mast of the derrick was 65 feet high and the boom of the derrick was 55 feet in length and was in such a position as to project beyond the sidewalk and fifteen feet over the roadway of the street. A steel girder was being lifted, by means of attachments from the end of the boom, and, through some careless handling, was allowed to swing against the wire with sufficient force to pull the chimney over. Some of the bricks fell upon the plaintiff and produced the injuries complained of. There was evidence that the chimney had been weakened by age and decay and the negligence of the defendant in maintaining its wire upon it, under the circumstances, is alleged, and is relied upon, as constituting an efficient and the proximate cause of the injury sustained.

I am not able to agree in this view and, in my opinion, the negligence of the iron works was an intervening, and the responsible, cause of the accident. The theory of defendant's

negligence must rest upon the proposition that in the condition of the chimney, which inspection would have disclosed, the defendant should have foreseen possible interference with its wire, in the course of the building operations on the other side of the street, and the possible consequence to the chimney. An apparent vice in this proposition is the assumption that, had the chimney been different, or newer, or sounder, in its construction, it would have been able, successfully, to resist the strain caused by the blow of the great derrick boom against the wire. I doubt that we can indulge in such an assumption, in order to find a concurring act, or omission of duty. It seems to me that guilty, or responsible, concurrence in causing an injury involves the idea of two, or more, active agencies, co-operating to produce it; either of which must be an efficient cause, without the operation of which the accident would not have happened. These few cases will suffice for the discussion of the doctrine: *Hofnagle* v. *N. Y. C. & H. R. R. R. Co.* (55 N. Y. 608); *Ring* v. *City of Cohoes* (77 ib. 83); *Lowery* v. *Manhattan Ry. Co.* (99 ib. 158), and *Laidlaw* v. *Sage* (158 ib. 73). A very good illustration is to be found in *Sheridan* v. *Brooklyn City & N. R. R. Co.* (36 N. Y. 39), where the conductor of the car, in compelling the child to stand upon the platform, and the passenger's carelessness, in trying to get off the car when in motion, were efficient and active agencies, co-operating to cause the accident. The *Barrett Case*, (45 N. Y. 628), also, furnishes a good illustration; where two cars of street railway companies collided at a crossing of tracks. In every such case, the question is what was the proximate cause of the occurrence and, if concurrence in negligence is claimed, were the acts, or omissions, of the parties so closely related and co-operative as to make either a probable and an efficient cause? Could it be said of each cause that without its operation the accident would not have happened?

Was the specific act of negligence charged against the defendant in this case the natural, efficient and, hence, a proximate cause of the accident; or was it the result of the

intervention of an independent cause, which defendant was not bound to anticipate and without which the injury would not have happened ? I think that the latter was the case. The negligent conduct of the persons in using the derrick upon the building was an unusual occurrence and not such as should have been foreseen by the defendant. In *Laidlaw* v. *Sage*, (158 N. Y. 73), the definition of that which is the proximate cause of an event was expressed by Judge MARTIN as " that which in a natural and continual sequence, unbroken by any new cause, produces that event, and without which that event would not have occurred ; and the act of one person can not be said to be the proximate cause of an injury, when the act of another person has intervened and directly inflicted it." (Shearman & Redfield on Negligence, § 26 ; Wharton on Negligence, § 134.)

This is a case where the negligence of the iron works intervened between the defendant's negligence, in making use of an unsound chimney, and the receipt by the plaintiff of her injuries, and the former's negligence, as a cause, was remote. The chimney was strong enough to sustain the wire and the wire was far enough above the street to be out of the way of interference from usual street uses. We may assume that the defendant was negligent, for continuing to maintain its wire upon a chimney, which inspection would have shown to have become unsound, and, still, I do not think we could, reasonably, say that such conduct in the omission on its part of the duty of inspection was the proximate cause of the injury to the plaintiff. Remotely, it may have been a cause ; but, proximately, it was, simply, the intervention of the derrick boom, carelessly allowed to swing out in the street, which enabled the accident to occur.

In the sequence of events, the blow to the wire from the derrick boom was the *causa causans* and that was the intervening act of another party. That was an independent force, which came in upon the existing situation and produced the plaintiff's injuries.

I think, on the state of facts disclosed by this record, that

there was nothing to warrant a recovery against the defendant and I advise that the judgment be reversed and that a new trial be ordered; with costs to abide the event.

VANN, J. (dissenting).   The jury found upon sufficient evidence that the plaintiff, while walking on a sidewalk in a public street of the city of New York, was seriously injured by bricks from a falling chimney and that she would not have been injured but for the negligence of the defendant, yet judgment is about to go against her because another party was guilty of concurring negligence, which, blending with the negligence of the defendant, caused the chimney to fall. The defendant was negligent in attaching one of its telephone wires to a worn-out and dangerous chimney standing on the inner line of the sidewalk and leaving it there without inspection for more than two years, although it knew that the wire passed over a vacant lot in a part of the city well built up, and should have known that a large building had been in process of erection on said lot for three months prior to the accident, whereby the security of the wire was put in danger. The negligence of the third party, a contracting company engaged in erecting said building, consisted in such careless management of its operations as to cause the boom of a derrick to swing against the wire and topple the defective chimney down upon the plaintiff.   As the wrong could not have been done without the concurring negligence of the two parties named, the negligence of each was an efficient and proximate cause which rendered both liable, jointly and severally, for the natural result.

Concurring negligence is not an intervening cause within the meaning of the law, provided the result was a reasonable probability.   If the defendant, acting with the average prudence of mankind, should have foreseen that interference with its wire was likely to occur through the building operations, of which it should have known, its negligence is not excused by the negligence of those engaged in erecting the building, because it was bound to the exercise of due care to prevent

injury through the union of its own action with that of another. The law does not permit a public street in a crowded city to be turned from a place of safety into a place of danger by the joint action of two persons, without holding both liable for such consequences as a reasonable man should have anticipated and provided against. The defendant could not create the dangerous situation and leave it, making no effort to guard or watch it, and when harm came therefrom to the plaintiff, as a result reasonably to be apprehended, plead in defense the intervening negligence of a third party, although the accident could not have happened but for its own negligence. The negligent act of a stranger did not excuse the negligence of the defendant, provided some such act, not necessarily the one which did occur, but any similar act that might have occurred, was liable to happen in the judgment of a man of ordinary prudence. The evidence made this a question for the jury, and their verdict, after affirmance by the Appellate Division, is conclusive upon us.

These views are supported by the following cases which I regard as establishing the law of the state upon the subject: *Congreve* v. *Morgan* (18 N. Y. 84); *Colegrove* v. *N. Y. & N. H. R. R. Co.* (20 N. Y. 492); *Sheridan* v. *Brooklyn City & N. R. R. Co.* (36 N. Y. 39); *Webster* v. *Hudson River R. R. Co.* (38 N. Y. 260); *Barrett* v. *Third Avenue R. R. Co.* (45 N. Y. 628); *Ring* v. *City of Cohoes* (77 N. Y. 83); *Kunz* v. *City of Troy* (104 N. Y. 344); *Cohen* v. *Mayor, etc., of N. Y.* (113 N. Y. 513); *Phillips* v. *N. Y. C. & H. R. R. R. Co.* (127 N. Y. 657); *Murphy* v. *Leggett* (164 N. Y. 121, 126); *Rider* v. *Syracuse R. T. Ry. Co.* (171 N. Y. 139, 155).

In the *Sheridan* case a child was compelled by the conductor of a crowded railway car to leave his seat and stand upon the platform and while there he was thrown off and killed through the carelessness of another passenger in trying to get off while the car was in motion. The defendant was held liable, notwithstanding the fact that the carelessness of the passenger intervened between the carelessness of the

defendant and the injury to the plaintiff's intestate. The court said: "It does not alter this liability, that the wrong of a third party concurred with their own in producing the injury. * * * If they had not removed the deceased from his seat, and compelled him to stand upon the platform, he would have been unaffected by this illegal act of the young man. It was his violence, concurring with the defendant's illegal conduct in overcrowding their car and in placing the deceased upon the platform, that produced the disastrous result. It is no justification for the defendant that another party, a stranger, was also in the wrong."

In the *Barrett* case the plaintiff was injured by a collision between the cars of two horse railroad companies, the tracks of which crossed each other at an acute angle. The court in sustaining a verdict for the plaintiff against the defendant upon whose car she was riding as a passenger, said: "If the acts of the defendant's servants contributed to the injury, the defendant must respond in damages to the plaintiff, although the negligent acts of the persons in charge of the other car also contributed to the same result, and the comparative degree in the culpability of the two will not affect the liability of either. If both were negligent in a manner and to a degree contributing to the result, they are liable jointly and severally."

In the *Ring* case it was said that "When several proximate causes contribute to an accident, and each is an efficient cause, without the operation of which the accident would not have happened, it may be attributed to all or to any of the causes; but it cannot be attributed to a cause, unless without its operation the accident would not have happened."

In the *Kunz* case the court said that "A defendant whose negligence was a constituent element of the transaction and without which the injury would not have happened is legally responsible * * *."

In the *Cohen* case we said: "In a case like this, where no obstruction would have existed but for the wrongful conduct of the defendant, it must be held responsible for the damage

which it has caused by reason of the obstruction, even though it might have happened if the licensee had been careful in regard to the manner in which he exercised the assumed right granted him by the license.   The defendant, under these circumstances, must take the risk of such care, and not an innocent passer-by."

In the *Phillips* case it was held that where, in an action to recover damages for injuries alleged to have been caused by the defendant's negligence, it appeared that there were two proximate causes of the injury, one the negligence of the defendant and the other an intervening occurrence happening without fault on the part of the plaintiff, she was entitled to, recover.

The same rule prevails elsewhere.   (*Lane* v. *Atlantic Works*, 111 Mass. 136; *Koplan* v. *Boston Gas Light Co.*, 177 Mass. 15; *Koelsch* v. *Philadelphia Co.*, 152 Penn. St. 355; *Pastene* v. *Adams*, 49 Cal. 87; *Kennedy* v. *Grace*, 91 Fed. Rep. 798; *Felton* v. *Hasbeson*, 104 id. 737; *Waller* v. *M., K. & T. Ry. Co*, 59 Mo. App. 410; *Lake Shore & M. S. Ry. Co.* v. *McIntosh*, 38 N. E. Rep. 476; *Burrows* v. *March Gas & C. Co.*, L. R. [5 Exch.] 67; 7 id. 96.)

The evidence authorized the jury to find and, hence, they are presumed to have found that the negligence of the defendant concurring with that of the contracting company, caused the accident; that the plaintiff would not have been injured without the negligence of the defendant and that the result was such as should have been foreseen as a reasonable probability.   These facts, as I think, render the defendant liable and the judgment against it should, therefore, be affirmed.

PARKER, Ch. J., HAIGHT and MARTIN, JJ., concur with GRAY, J.; CULLEN and WERNER, JJ., concur with VANN, J.

Judgment reversed, etc.