asmuch as it diminished the incentive to diligence and zeal in the administration of the trust. If the commissions of an executor, which have been partially earned, cannot be assigned until they have been actually ascertained and fixed by the surrogate, much less, then, can an agreement not to perform any service at all, for a consideration, be enforced.

But we do not understand that this question is an open one in this state. In Staunton v. Parker, 19 Hun, 55, it was held that an agreement to renounce the office of executor for a consideration was void as against public policy. It is true, the agreement there was made prior to the death of the testator, but that is immaterial. The principle to be applied is the same, which is that a person who is named as executor in a will cannot dispose of that position for a consideration. The words of the surrogate, used in refusing to give effect to the agreement in that case, are quite pertinent to the present one. He said:

"If agreements of this nature are to be enforced, then testators may well doubt not only who will carry out their wills, but whether they will be carried out at all;  *  *  *  and, if the will may be varied by agreement in the lifetime of the testator in a minor respect,  *  *  *  it may be varied in an important one in the next, and the door would be thrown open to fraud and corruption on the part of designing men and intriguing descendants, and to imposition on confiding testators."

A similar view has been entertained of agreements of this character in other courts. Owings' Ex'rs v. Owings, 1 Har. & G. 484; Bowers v. Bowers, 26 Pa. 74, 67 Am. Dec. 398; Ellicott v. Chamberlin, 38 N. J. Eq. 604, 48 Am. Rep. 327; Porter v. Jones, 52 Mo. 399; Currier v. Clark (Colo. App.) 75 Pac. 927.

It follows that the judgment appealed from must be affirmed, with costs. All concur.

---

### DEMAREST v. FORTY-SECOND ST., M. & ST. N. AVE. RY. CO.

(Supreme Court, Appellate Division, First Department.  May 5, 1905.)

1. NEGLIGENCE—PERSONAL INJURIES—JOINT TORT FEASORS—LIABILITY.
   Where a truck was being driven on a street, when it was struck by a street car, and thereby caused injury to a pedestrian, the liability of the street railroad in an action against it by the pedestrian for the injuries was not affected by contributory negligence of the driver of the truck.

2. MUNICIPAL CORPORATIONS—REGULATIONS OF STREET TRAFFIC—ORDINANCE—CONSTRUCTION.
   Under a city ordinance providing that vehicles proceeding in a northerly or southerly direction have the right of way over vehicles proceeding in an easterly or westerly direction, a street car proceeding in a northerly direction had not an absolute right to the exclusive use of the street, as against a vehicle going in a westerly direction; and hence the driver of the vehicle was not required to stop his horses and let the car pass when the distance between them was such that, had the speed of the car been slackened, a collision would not have occurred.

   [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 175, 214.]

Appeal from Trial Term, New York County.

Action by Cornelius J. Demarest against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company. From a judgment in favor of defendant, and an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Gilbert D. Lamb, for appellant.
Joseph B. Cotton, Jr., for respondent.

McLAUGHLIN, J. This is the ordinary action to recover damages for personal injuries alleged to have been sustained by reason of defendant's negligence. That the plaintiff, at the time referred to in the complaint, sustained severe personal injuries, or that he was free from negligence, was not seriously contested at the trial. It was, however, contended that the defendant was not responsible, inasmuch as its negligence was not the proximate cause of the accident.

The facts are not complicated. The plaintiff started to walk in a westerly direction across Broadway at Eighty-First street, in the city of New York. An excavation for the subway had been made at this point in the center of Broadway, over a portion of which planks had been placed, with a railing on either side, to facilitate travel across the street. Defendant's north-bound cars run on the easterly, and its south-bound cars on the westerly, side of Broadway. About the same time, but a little to the rear of the plaintiff, a truck attempted to cross, going in the same direction; and just as the plaintiff was upon the bridge one of the defendant's north-bound cars struck the hind wheels or rear portion of the truck, and threw it against the plaintiff with such force that a portion of the bridge was broken and he was thrown into the excavation, thereby sustaining the injuries of which he complains. In his complaint he alleged that his injuries were caused "solely through the fault, carelessness, and negligence of the defendant"; and the learned trial justice, at the conclusion of the trial, as appears from the charge and refusals to charge, seems to have entertained the idea that by reason of such allegation a recovery could not be had if the negligence of the driver of the truck contributed in any way to the accident. Evidence was offered on the part of the defendant from which it claimed the jury might find that the driver of the truck was either alone responsible for the accident, or else his negligence contributed to it, and in either case, if the jury did so find, defendant could not be held liable; and at its request the learned trial justice, in effect, so instructed the jury. Exceptions were taken by plaintiff's counsel to such instruction, and he, in turn, requested the court to charge that:

"If the jury finds that plaintiff was free from contributory negligence, and that the railroad company was negligent, and such negligence was one of the causes of the accident, without which it would not have happened, the plaintiff would be entitled to a verdict, irrespective of the fact that the driver of the truck was also negligent."

This request was refused, and an exception also taken.

In both instances the court erred. The rule has long been settled in this state—evidenced by the following out of many authorities which might be cited—that a third person who is injured by the negligence of two or more persons, he himself being free from negligence, may maintain an action against them jointly or severally to recover the damages sustained (Webster v. Hudson River R. Co., 38 N. Y. 260; Barrett v. Third Ave. R. Co., 45 N. Y. 628; Ring v. City of Cohoes, 77 N. Y. 83, 33 Am. Rep. 574; Kunz v. City of Troy, 104 N. Y. 344, 10 N. E. 442, 58 Am. Rep. 508; Cohen v. Mayor, 113 N. Y. 532, 21 N. E. 700, 4 L. R. A. 406, 10 Am. St. Rep. 506; Phillips v. N. Y. C. & H. R. R. Co., 127 N. Y. 657, 27 N. E. 978; Murphy v. Leggett, 164 N. Y. 121, 58 N. E. 42; Rider v. Syracuse R. T. Ry. Co., 171 N. Y. 139, 63 N. E. 836, 58 L. R. A. 125; Leeds v. N. Y. Telephone Co., 178 N. Y. 118, 70 N. E. 219; Lipp v. Otis Bros. Co., 28 App. Div. 228, 51 N. Y. Supp. 13), and when such action is brought a defendant cannot successfully defend the same on the ground that the negligence of another contributed to the injury (Travell v. Bannerman, 71 App. Div. 439, 75 N. Y. Supp. 866).

In Webster v. Hudson River R. Co., supra, there was evidence to the effect that plaintiff's injuries were caused in part, at least, by the negligence of a third party; and the trial court was asked to charge that, if the jury so found, the plaintiff could not recover. This was refused, and on appeal the court, in holding that no error was committed, said:

"The fact that the Boston Road was also guilty of negligence furnishes, in law or morals, no excuse for the negligence of the Hudson River Company, and no reason why they should not respond in damages."

In Kunz v. City of Troy, supra, the court said:

"A defendant whose negligence was a constituent element of the transaction, and without which the injury would not have happened, is legally responsible."

And in Phillips v. N. Y. C. & H. R. R. Co., supra, it was held that where, in an action to recover damages for injuries alleged to have been caused by defendant's negligence, it appeared there were two proximate causes of the injury—one the negligence of the defendant, and the other an occurrence happening without fault on the part of the plaintiff—the latter was entitled to recover.

But it is unnecessary to multiply authorities. The rule is too well settled to require it. The request here made, under the Webster Case, was proper, and the instruction should have been given. The vice of the charge as made, and the refusal of plaintiff's request, is apparent, and, if not, it will be on reading the same in connection with the main charge and other instructions given at the request of defendant's counsel. In the main charge the jury's attention was called to the allegations of the complaint to the effect that the injuries were inflicted solely through the negligence of the defendant, and, in that connection, stress was laid upon the fact that the negligence of the truckman was excluded.

During the course of the trial the defendant put in evidence an ordinance of the city of New York to the effect that vehicles proceeding in a northerly or southerly direction had the right of way over vehicles proceeding in an easterly or westerly direction, and the court instructed the jury, as requested by defendant's counsel, that "such right of way required the driver of the truck or wagon to stop his horses and let the car pass, if that was necessary to prevent the obstruction of the car upon its passage." This was error. It entirely eliminated the respective positions of the car and the truck at the time the truck commenced to cross Broadway. There was evidence to the effect that the car at that time was at Eightieth street, and the truck, at the time the collision occurred, had almost passed over the tracks; and, if the speed of the car had been slackened at all, a collision would not have occurred. The car did not have an absolute right to the exclusive use of the street. The truckman had a right to cross Broadway; so did the plaintiff; and the defendant was bound to operate its cars having regard to that right, and, if it failed to do so, it was obligated to make good to the plaintiff any damage he sustained by reason thereof. But under the instruction the jury could not do otherwise than find that the driver of the truck was negligent because he did not let the car pass before he attempted to cross the tracks. A collision did occur, and, if he had not attempted to cross defendant's tracks until the car had passed by, it would not. Therefore he obstructed the passage of the car, which, under the instructions given, he had no right to do. And then to refuse to charge the request of plaintiff's counsel, above quoted, was equivalent to saying to the jury that they could not under any circumstances render a verdict for the plaintiff.

Numerous other errors are alleged as to the charge as made, but it is unnecessary to consider them in detail, inasmuch as there must be a new trial, and it is not at all likely similar errors will again be committed.

Judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.