LOUISE FLYNT, as Administratrix of HOWARD S. FLYNT, Deceased, Plaintiff, *v.* ALBERT RIGHTMEYER and HARRY A. RIGHTMEYER, as Copartners, etc., Defendants.

(Supreme Court, Orange Special Term, June, 1919.)

Negl'gence — what is evidence of — penalties — actions — when motion for a new trial granted — Public Health Law, §§ 238, 240 — Penal Law, §§ 1743, 1744.

> Breach of a statutory duty contributing to an injury is some evidence of negligence.

> Section 238 of the Public Health Law requiring a druggist, before he delivers certain poisons, to satisfy himself that the purchaser is aware of their poisonous character and that the poison is to be used for a legitimate purpose, and section 240 of the Public Health Law and sections 1743 and 1744 of the Penal Law providing penalties for failure so to do, were passed to protect the purchaser as well as the public.

> In an action against a chemist for negligence in selling plaintiff bichromate of potassium instead of bicarbonate of potassium, as asked for, thereby, as is alleged, causing her husband's death, it is error to refuse plaintiff's request to charge that if defendant misunderstood what plaintiff wanted then it was for him to inquire and satisfy himself that the poison was for legitimate purposes and such error necessitates a new trial.

MOTION for a new trial and to set aside a verdict.

Henry Kohl, for plaintiff.

Graham Witschief, for defendants.

PLATT, J. Motion for new trial and to set aside a verdict in favor of defendant in an action against a chemist, from whom plaintiff ordered one ounce of bicarbonate of potassium and received instead bichromate of potassium, a deadly poison, through the

alleged negligence of defendant, which resulted in the death of her husband.

The court was asked to charge " that if he misunderstood that the preparation she was ordering was a deadly poison that in the exercise of reasonable care it was necessary for him to inquire as to the use she desired to put the preparation to." And after colloquy with the court and before any ruling thereon, the plaintiff's counsel requested the court to charge that under the circumstances if he misunderstood what she wanted, then it was up to him to inquire and satisfy himself it was for legitimate purposes. Which was denied under exception.

One objection to the request is that it does not clearly point out whether the terms of the statute or the exercise of reasonable care required him to satisfy himself that the purchaser was aware of the poisonous character of the article, and that it was to be used for a legitimate purpose. And, if the latter, the court could not make the charge because the defendant was being sued for negligence and not for a violation of the statute. And that a violation of the statute did not necessarily constitute negligence. *Fluker* v. *Ziegele Brewing Company,* 201 N. Y. 40; *Knupfle* v. *Knickerbocker Ice Co.,* 84 id. 488, therein cited.

That it was for the jury to determine from all the facts proven whether it was negligence for defendant to make the delivery without so satisfying himself or whether or not he was already so satisfied. And, that if the charge was made as requested, it would create in the minds of the jury the impression that if he failed to satisfy himself as required by the statute he was guilty of negligence for that reason alone, irrespective of the other facts, and though he had properly labeled the package.

Schedule B of section 241 of the Public Health Law

enumerates a number of poisons and "any drug, chemical or preparation which is destructive to adult human life in quantities of sixty grains or less."

Section 238 provides that the druggist shall not deliver any of the poisons of Schedule B until he has satisfied himself that the purchaser is aware of its poisonous character, and that the poison is to be used for a legitimate purpose. Subdivision 11 of section 240 provides that: "Any person that violates any of the provisions of this article who is not criminally prosecuted, shall forfeit * * * fifty dollars for every such violation."

Section 1743 of the Penal Code, referring to the druggist satisfying himself that the purchaser is aware of the poisonous character of the drug, and that the poison is to be used for a legitimate purpose, provides that: "Any person who violates any of the provisions of this section shall be guilty of a misdemeanor." And section 1744 provides: "Any person who violates any of the provisions of article eleven of the public health law, for which no other penalty is imposed, is guilty of a misdemeanor."

In *Thomas* v. *Winchester,* 6 N. Y. 397, it is said that: " So highly does the law value a human life, that it admits of no justification wherever life has been lost and the carelessness or negligence of one person contributed to the death of another." And " The defendant's negligence put human life in imminent danger. Can it be said there was no duty on the part of the defendant, to avoid the creation of that danger by the exercise of greater caution? "

*Loop* v. *Litchfield,* 42 N. Y. 351, holds that *Thomas* v. *Winchester* was based upon the idea that the negligent sale of poison is both at common law and by the statute an indictable offense.

In this case the defendant was required by law to

satisfy himself that the drug was to be used for a legitimate purpose and that the purchaser was acquainted with its character, or be liable to a penalty of fifty dollars, or to the above quoted provisions of the Penal Code. See *Wilson* v. *Faxon,* 63 Misc. Rep. 561; *Wohlfahrt* v. *Beckert,* 92 N. Y. 490.

Breach of a statutory duty gives a cause of action. *Willy* v. *Mulledy,* 78 N. Y. 310. Failure to comply with an ordinance is *prima facie* evidence of negligence where the omission contributed to the injury. *Acton* v. *Reed,* 104 App. Div. 505.

There is no reason that suggests itself that it should be held that the above provisions of the Health Law and Penal Code were passed solely for the public and not for the protection of the purchaser, whose life might otherwise be forfeited. *Amberg* v. *Kinley,* 214 N. Y. 531.

I think the plaintiff was entitled to the charge as requested, and the error necessitates a new trial.

Ordered accordingly.