EDITH M. WALKER, Respondent, *v.* ROSE E. POSNER and Others, Copartners Conducting and Doing Business under the Firm Name and Style of THE FITZHUGH HOTEL, Appellants.

Fourth Department, November 5, 1937.

*Webster, Lamb & Webster* [*Edward H. Lamb* of counsel], for the appellants.

*John A. Millener* [*William J. Maloney* of counsel], for the respondent.

PER CURIAM. The plaintiff, who was ill, was a guest of the hotel conducted by the defendants. She was injured while being carried out of the building by another guest during a fire. Plaintiff's room was located in the annex, and the fire started in the basement thereof. An employee of defendants, whose duty it was to attend to the wants of the guests, assured the plaintiff that there was not any danger and that if there were he would bring assistance to take her out of the building. Relying upon this assurance the plaintiff remained in the building for a considerable length of time after the fire started. She did not attempt to leave the building until it was dangerous for her to longer remain therein. The guest who was carrying the plaintiff stumbled and fell and the plaintiff was thrown against a wall.

The jury could have found upon the evidence that the defendants' employee failed to exercise reasonable care for the safety of the plaintiff and that thereby plaintiff's departure from the hotel was unduly delayed.

However, the question arises as to whether such neglect was the proximate cause of the injuries to the plaintiff.

Although the evidence shows that there was much more smoke at the time the plaintiff attempted to leave than at the time the fire started, still the proof does not show that the plaintiff was injured or overcome by fire or smoke or that the guest stumbled because of the fire or smoke. The immediate cause of plaintiff's injuries was the stumbling of the guest while carrying the plaintiff. The delay in leaving the building did not have anything to do with plaintiff's illness or with her inability to walk downstairs and did not make it necessary for her to be carried out of the hotel. The delay did not cause the guest to stumble while carrying the plaintiff.

It cannot be held that without the neglect resulting in the delay the accident would not have happened or that such neglect was an efficient cause of the accident. (*Leeds* v. *New York Telephone Co.*, 178 N. Y. 118, 121.)

There is no causal connection between the neglect of the defendants' employee and the happening of the accident to plaintiff. Such neglect was not the proximate cause of the injuries to the plaintiff, and the finding of the jury that it was the proximate cause thereof is contrary to the evidence.

It appears that the fire in the basement of the annex was set by a woman who was mentally incompetent. This woman's mother was a guest in defendants' hotel and the incompetent was permitted by defendants to remain over night with her mother. However, the evidence was not sufficient to show that defendants had any reasonable cause to believe that this woman was likely to start

a fire or to otherwise endanger the guests in the hotel. The defendants left this woman in her mother's room in the custody of her mother and were not under the circumstances bound to exercise further control over her. If the jury found that the defendants were guilty of negligence because of the presence of this woman in the house over night, such finding was contrary to the evidence.

The judgment and order should be reversed upon the law and facts and a new trial granted, with costs to the appellants to abide the event.

All concur. Present — EDGCOMB, CROSBY, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.