Jack David, Plaintiff, *v.* E. W. White, Inc., et al., Defendants.

Municipal Court of New York, Borough of Manhattan, First District, January 30, 1943.

*Aaron Hausner* for plaintiff.

*Mabel E. Arcuri* and *Julius R. Oltarsh* for Mack Albert Stolger and Ann Chrisman Stolger, doing business as Mack's Food Shops, defendants.

Winter, J. Defendants' refusal to pay plaintiff for rewiring the armatures of the motors in their lunch wagons is based on

the fact that plaintiff originally installed and wired them. The original job was done in an unworkmanlike manner and so negligently that, while the motors were in use, water seeped into the armatures, corroded the wires and disabled the motors.

Unfortunately for this defense, however, plaintiff was not employed by defendants on the original installation, but was a subcontractor of a third party with whom defendants had contracted for the manufacture and sale to them of the lunch wagons all complete with their motors wired and installed in accordance with specifications. For all this, including the work under plaintiff's subcontract, an entire price was paid to the contractor for each wagon complete. Before the wagons were delivered to defendants, plaintiff's subcontract had been completed and accepted by defendants' contractor. The defects in the motors shown by the defendants developed only after the acceptance of the wagons by the defendants. In their own words they would not have accepted them had they known of the condition of the motors.

Defendants' redress for this is plainly against the seller of the wagons on his warranties if any were made, but not against the plaintiff. There was no privity between plaintiff and defendants on the original transaction and no warranty as to his work made by plaintiff to defendants on which they might sue. (*Turner* v. *Edison Storage Battery Co.*, 248 N. Y. 73; *Chysky* v. *Drake Brothers Co. Inc.*, 235 N. Y. 468.) Plaintiff's implied warranty of workmanship accrues to the manufacturer and seller of the wagons. It was not intended for the benefit of the defendants, but solely for that of the manufacturer to enable him to fulfill his contract with defendants. With all the expansion in the doctrine announced in *Lawrence* v. *Fox* (20 N. Y. 268), so far as my researches have gone it has never extended the benefits of a manufacturer's warranty beyond the person to whom it was made to the ultimate consumer or succeeding purchasers. Those not directly privy to the warranty have been confined invariably to actions in tort against the manufacturer. (*Chysky* v. *Drake Brothers Co. Inc.*, *supra*.)

Nor does any action lie against this plaintiff in behalf of these defendants based on the negligence of the plaintiff. The party to sue for loss or damage to personal property is he in whom the legal title or property in the goods was vested at the time of the injury to the goods and not a purchaser after the event. (*Green* v. *Clarke*, 12 N. Y. 343.) At the time of the commission of plaintiff's negligence and his unworkmanlike installation of the defective motors, defendants were not the owner and had no

legal property in them. (Personal Property Law, § 100.) Plaintiff then owed defendants no duty as prospective purchasers of the wagons. They were not inherently dangerous articles launched with potentialities of danger manifest to the eye of prudence and imposing a duty upon the one who launches them to keep them in bounds. (*Thomas* v. *Winchester*, 6 N. Y. 397; *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382, and cases cited therein; *Ultramares Corp.* v. *Touche*, 255 N. Y. 70, 180.) In the instant case, also, plaintiff's negligence was too remote to constitute an actionable wrong as to the ultimate consumer. (*Leeds* v. *New York Telephone Co.*, 178 N. Y. 118; *Sweet* v. *Perkins*, 196 N. Y. 482.) The direct cause of the injury to defendants' motors and wagons was their sale to them by their manufacturer without a proper inspection to determine whether the motors were properly installed.

Defendants having ordered the repairs to their motors by the plaintiff, who was under no legal duty to make them, have impliedly promised plaintiff to pay their reasonable value. He is therefore entitled to judgment for the amount claimed in the complaint and to a dismissal of the counterclaim.