ROY E. NICHOLS, Respondent, v. NIAGARA MOHAWK POWER CORP. et al., Appellants. (Action No. 1.) — Judgment insofar as it is in favor of plaintiff against the Village of Manlius unanimously reversed on the law and facts and complaint dismissed as to that defendant; otherwise judgment unanimously affirmed, with costs to plaintiff against defendant Niagara Mohawk Power Corp. Memorandum: Niagara Mohawk Power Corporation (Niagara) laid a gas line in a roadway in 1951 when it was a dirt road. A service lateral ran underground to the Nichols' house. There was a shutoff valve on top of which a curb box was placed so that the flow of gas in the service lateral could be stopped by putting a long key into the curb box down to the shutoff valve and turning the key to close off the valve. The curb box and shutoff valve were three feet, six inches in the highway right of way. The roadway was first paved between 1953 and 1955 by the Village of Manlius (Manlius) and in 1965 Manlius contracted with Compagni Construction Co., Inc. (Compagni) to lay sewers in the roadway and do the necessary repaving. During the repaving, it was discovered that the curb box was damaged and Niagara replaced it. Compagni admitted that it was its normal procedure and duty to see that curb boxes were left exposed. However, there was proof that after the repaving, there was about two inches of pavement covering the curb box. In 1968, an explosion of gas occurred causing damages to the plaintiffs. It was caused when the shutoff valve ruptured and allowed gas to escape. The proof was that the curb box was not of a type designed to withstand heavy traffic, and that the rupture of the valve was caused by a series of heavy loads transmitted to it through the curb box. There was no proof of what effect the covering of the box may have had. Niagara knew that the curb box was not the right one for installation in a roadway where weight from heavy traffic might bear upon it and cause damage to the valve, and it had a different type available that could withstand heavy traffic. Under the circumstances, Niagara was negligent and its negligence was a proximate cause of the accident. Compagni was also negligent in breaching its admitted duty to keep the curb box exposed and by permitting it to be covered with paving. However, there is no showing that its negligence was a proximate cause of the rupture of the valve, and therefore Compagni is not liable. (1 Warren's Negligence, Actionable Negligence, § 5.01; *Leeds* v. *New*

*York Tel. Co.*, 178 N. Y. 118, 122; *Laidlaw* v. *Sage*, 158 N. Y. 73, 99.) Since there is no liability on the part of Compagni, there can be none on the part of Manlius and, further, Manlius may not be held liable since Compagni was an independent contractor. (*Ehret* v. *Village of Scarsdale*, 269 N. Y. 198, 204–205; *Uppington* v. *City of New York*, 165 N. Y. 222, 232–233.) (Appeal from judgment of Onondaga Trial Term in negligence action.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Cardamone, JJ.