Milton Mollen, J.
Defendants Edgar Williams and E. J. Korvette, Inc. move to dismiss the complaint for insufficiency and for ‘ ‘ a farther order of severance. ’ ’ The action was brought to recover damages for personal injuries sustained by James Daas (hereinafter referred to as “ plaintiff ”) and by his wife, Gloria Daas, for loss of consortium.
The allegations of the complaint, which, for the purpose of this motion, are to be deemed factually established, are as follows:
Plaintiff, a police officer, on duty on July 4, 1970 at approximately 4:00 p.m., while riding as a passenger in a New York City Police Department car, was injured as the result of an intersection collision between that vehicle and one owned and negligently operated by defendant Pearson. At the time of the occurrence the police car was responding to an emergency alarm, viz., “ assist patrolman” alarm. This alarm was engendered by a telephone call made by defendant Williams to 911, the police emergency number. The substance of the call as transmitted by Williams was “ Assist patrolman, four patrolmen being beaten at Korvett’s [sic] Store on Fulton Street. This is Edgar Williams, Chief of Security. Repeat: Four City patrolmen being beaten in Korvett’s [sic] on Fulton Street.” It is further alleged that Williams was in fact Chief of Security of Korvette’s; that he made this call in the course of and pursuant to his employment by Korvette; that he was familiar and conversant with the procedure employed by the New York City Police Department in responding to calls for assistance; that Williams willfully, knowingly and falsely sent this call for assistance; and that plaintiff subsequent to the accident discovered that the alarm to which he had been responding was in fact a false alarm.
As a threshold matter, the court observes that there is no merit to the moving defendants’ contention that plaintiff may not proceed against them because plaintiff, in his cause of action against Pearson, alleges that the accident occurred solely because *97 ■of that defendant’s negligence. If the negligence of the defendants was concurrent (as plaintiff alleges in his cause of action against the moving defendants), the allegation in the complaint against Pearson that the sole cause of the accident was that defendant’s negligence is not preclusive (Jerome v. New York Ry. Co., 190 App. Div. 311 ; Demarest v. 42nd St. Manhattanville etc. Ry. Co., 104 App. Div. 503). Moreover, CPLR 3014 authorizes the allegation of inconsistent causes.
In the opinion of the court, the allegations set forth facts which permit an inference that the alleged misconduct of Williams was in the apparent furtherance of his employer’s business and was intentional and willful and not simply careless or negligent. Under the circumstances, a wrong or tort was committed. The resultant accident and injury, although not intended by Williams, were legally foreseeable. While exhaustive research by the court has failed to disclose any case on all fours, this does not preclude liability for the resultant damages. The common law is not static. It will fashion a remedy to compensate a party injured by another’s intentional and wrongful conduct. As stated in Kujek v. Goldman (150 N. Y. 176, 178) : “While no precedent is cited for such an action, it does not follow that there is no remedy for the wrong, because every form of action when brought for the first time must have been without a precedent to support it. Courts sometimes of necessity abandon their search for precedents and yet sustain a recovery upon legal principles clearly applicable to the new state of facts, although there was no direct precedent for it, because there had never been an occasion to make one. In remote times, when actions were so carefully classified that a mistake in name was generally fatal to the case, a form of remedy was devised by the courts to cover new wrongs as they might occur so as to prevent a failure of justice. This was called an ‘ action on the case, ’ which was employed where the right to sue resulted from the peculiar circumstances of the case and for which the other forms of action gave no remedy. ’ ’
The same principles were expressed by Mr. Justice Edgcomb in Bolivar v. Monnat (232 App. Div. 33, 38), wherein the court stated: “ It is not necessary to define the nature of the action with meticulous accuracy. The element of negligence may be wanting because the act was done deliberately rather than carelessly. Under the authority of the Stratton and McGue cases (supra [Commonwealth v. Stratton, 114 Mass. 303 ; McCue v. Klein, 60 Tex. 168]) we would be warranted in calling it an action for assault and battery. But it matters not what it is named, whether negligence, assault and battery, or an action *98 on the case, the fact remains that the complaint alleges a violation of a right or duty growing out of the relations existing between the parties, and this gives plaintiff a right of action against defendant for the damages sustained. The novelty of the action, or the want of an exact precedent does not deprive the plaintiff of a remedy for defendant’s unlawful act.” Exemplifications of these precepts, although factually dissimilar from the instant case, are the holdings in Mitran v. Williamson (21 Misc 2d 106) and Halio v. Lurie (15 A D 2d 62), which hold that the intentional infliction of emotional harm by words or deeds is actionable. (See, also, Nader v. General Motors Corp., 25 N Y 2d 560, 569.)
Moreover, on principles of common-law negligence, a cause of action is spelled out in the complaint. Defendants, citing Palsgraf v. Long Is. R. R. Co. (248 N. Y. 339), contend in the first instance that they owed no duty of care to the plaintiff which was violated by any act committed by them and that no duty was breached because the accident was not foreseeable. The court does not accept this argument as valid. There is a duty when reporting an occurrence calling for police, fire or other emergency service entailing rapid vehicular response, to do so truthfully. This is a duty of reasonable conduct imposed by common law as well as by statute. Section 240.50 of our revised Penal Law, entitled “ Falsely reporting an incident,” provides, in part, as follows: “A person is guilty of falsely reporting an incident when, knowing the information reported, conveyed or circulated to be false or baseless, he: * * *
“ 3. Gratuitously reports to a law enforcement officer or agency (a) the alleged occurrence of an offense or incident which did not in fact occur ”. While the violation of this statute may not be negligence per se (Beauchamp v. New York City Rousing Auth., 12 N Y 2d 400 ; Schmidt v. Merchants Despatch Tr. Co., 270 N. Y. 287, 304, 305 ; Major v. Waverly & Ogden, 8 A D 2d 380), the statute does establish a standard of reasonableness of care and conduct (cf. Edmonds, Inc. v. Vojka, 332 F. 2d 309).
Words constitute an act (Liability for Negligent Language, 14 Harv. L. Rev. 184, 189) and words negligently or falsely and wrongfully uttered may be actionable under certain circumstances. The principles governing have been summarized in the dictum of the court in Advance Music Corp. v. American Tobacco Co. (268 App. Div. 707, 710-711, revd. on other grounds 296 N. Y. 79) as follows: “ Though a negligent statement may be the basis of recovery of damage, a cause of action exists only in favor of those who were expected to and actually do rely upon such statements to their damage. (International Products *99 Co. v. Erie R. R. Co., 244 N. Y. 331 ; Glanzer v. Shepard, 233 N. Y. 236 ; Nichols v. Clark, MacMullen Riley, Inc., 261 N. Y. 118, 125.) * * * The pertinent rule is set forth in International Products Co. v. Erie R. R. Co., (supra) at page 337, as follows: ‘Not every casual response, not every idle word, however damaging the result, gives rise to a cause of action. * * * Liability in such cases arises only where there is a duty, if one speaks at all, to give the correct information. And that involves many considerations. There must be knowledge or its equivalent that the information is desired for a serious purpose; that he to whom it is given intends to rely and act upon it; that if false or erroneous he will because of it be injured in person or property. Finally the relationship of the parties, arising out of contract or otherwise, must be such that in morals and good conscience the one has the right to rely upon the other for information, and the other giving the information owes a duty to give it with care.’ In Courteen Seed Co. v. Hong Kong & S. B. Co. (245 N. Y. 377, at p. 381) the court (Pouiro, J.) reiterated the established principle in the following language: ‘ The court has had to deal recently with cases involving liability for information negligently given. They all rest on the principle that negligent words are not actionable unless they are uttered directly, with knowledge or notice that they will be acted on, to one to whom the speaker is bound by some relation of duty, arising out of public calling, contract or otherwise, to act with care if he acts at all.’ The rule thus enunciated was specifically approved in Ultramares Corp. v. Touche (255 N. Y. 170, 185). To the same effect see, also, Jaillet v. Cashman (115 Misc. 383, affd. 202 App. Div. 805, affd. 235 N. Y. 511).” (Emphasis supplied.)
While the cases above cited involved commercial transactions, there appears to be no valid reason why the rationale should not be applied to the case sub judice. It was anticipated by defendant Williams that the New York City Police Department and its employees would rely on Williams’ statement and respond thereto. There was a duty to give correct information for a serious purpose. The relationship of the parties was such that in good conscience plaintiff had the right to rely on Williams’ information, and the defendant was under a duty to give it with care. While defendant’s duty did not arise out. of a public calling or contract, it falls within the category of “ otherwise ” (Advance Music Corp. v. American Tobacco Co., supra), namely, that defendant had knowledge and specifically requested that plaintiff respond at great speed to an “ assist *100 patrolman ” alarm. If in fact that alarm was knowingly false, a duty was breached — a tort committed, resulting in injuries to plaintiff.
Defendants contend that no duty to plaintiff was violated because the collision in which plaintiff was injured was not foreseeable. The accident was not unique and its foreseeability may be inferred. Collisions between police cars and other vehicles occur from time to time when the police cars are traveling at a high rate of speed in response to an alarm in a highly urbanized, heavily trafficked area (Prosser, Law of Torts [3d ed.], p. 315). When varying inferences are possible, the question of foreseeability — the range of reasonable apprehension — is a jury question (Palsgraf v. Long Is. R. R. Co., 248 N. Y. 339, 345, supra). The trier of the facts under the circumstances here present may conclude from the circumstance that police and other vehicles responding to emergency calls, particularly ‘ ‘ assist patrolman ’ ’ alarms, are known to travel at great speeds, and are not restricted by traffic lights and signals, that they are therefore subjected to a much greater risk of collisions and resulting injuries. That such incidents are not infrequent may be gleaned from the collation of cases in Annotations to 82 ALR 2d 312 (Fire Dept.) ; 83 ALR 2d 383 (police cars) ; 84 ALR 2d 121 (miscellaneous). As expressed in American Jurisprudence (vol. 38, p. 707, § 58): “ That which a man foresees is, as to him at least, natural and probable. If a person has knowledge, actual or imputed, that unusual consequences may result from his negligent act, he can be held liable for an injurious consequence of such act, notwithstanding it is not the ordinary consequence of an act of that kind. Even remote negligence may be actionable where injurious consequences reasonably might have been foreseen by the wrongdoer.”
In urging a lack of foreseeability, defendants quote from Walter v. State of New York (187 Misc. 1034, 1039) that “ One has a right to assume that all drivers of automobiles will obey the law of the road, and he is not bound to anticipate that anyone is going to disobey it.” This statement and its predicate, found in Ward v. Clark (232 N. Y. 195, 198), must be viewed in the light of its analysis in the opinion of Mr. Justice Van Voorhis in McDonald v. Central School Dist. No. 3, Romulus (179 Misc. 333, 335, affd. 264 App. Div. 943, affd. 289 N. Y. 800), wherein he stated: “ To hold as a matter of law that no driver in the exercise of reasonable care need anticipate negligent driving on the part of others would be to ignore the realities of experience.” This statement was made in the court’s opinion *101 denying a motion for a new trial in an action where an infant plaintiff recovered a judgment for injuries .sustained when leaving a school bus without signal or direction from the driver and in violation of a rule of the Board of Education that when the bus stopped, a student should be required to pass in front ■of the bus. The defendant board, against whom a judgment was recovered jointly with the driver of the car which struck plaintiff, argued it had a right to assume that the ear that struck plaintiff would obey the law and come tó a full stop. The court held that the intervening and independent act of the driver of the car was reasonably foreseeable and did not constitute a break in the chain of causation so as to relieve the Board of Education from liability.
Defendants argue further that as a matter of law there is no liability on their part since their acts were not the proximate cause of the accident; that the chain of causation was disrupted by the intervening negligence of defendant Pearson. In analyzing proximity of causation and its corollaries of concurrent and intervening (i.e., superseding) causes, the law approaches the problem on a case to case basis. There appears to be no precise rule of thumb. This is evident from the opinion of Judge Lehman in Milks v. McIver (264 N. Y. 267, 269): “ What constitutes a proximate result is not a problem of philosophy. ‘ The law solves these problems pragmatically.’ (Bird v. St. Paul F. & M. Ins. Co., 224 N. Y. 47, 52.) Fortuitous circumstances may divert the flow of cause to effect from its natural course. New streams of greater volume and force may join the flow. Liability for damages caused by wrong ceases at a point dictated by public policy or common sense. In some situations the courts have established a definite rule of limitation. In others the test is one only of degree.”
The same thoughts are expressed in O’Neill v. City of Port Jervis (253 N. Y. 423, 433) : “ Legal or proximate cause is always dependent upon the facts of a particular case, and it is for this reason that the words are beyond definition or conclusive explanation.” (See, also, Prosser, Law of Torts [3d ed.], p. 288.)
In passing, it may be noted that in the Restatement of the Law of Torts 2d (§ 431) the term “ proximate cause ” has been eliminated and substituted in its place is the term “ substantial factor,” which has been adopted in the New York Pattern Jury Instructions. In a comment to that section of the Restatement it is stressed: “ The word ‘ substantial ’ is used to denote the fact that the defendant’s conduct has such an effect in producing *102 the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, rather than in the so-called ‘ philosophic sense, ’ ”.
The court is of the opinion that the complaint charges all of the defendants with concurrent negligence. As expressed in Warren’s New York Law of Negligence (vol. 1, p. 128): “ So far as concurrent causes are concerned, the general rule seems to be that the negligent act of the party charged may remain the proximate cause of the injury and render the actor liable even though it is not the .sole cause of the injury. If the negligent acts of two or more persons concur in contributing to an accident, the injured person may hold them jointly and severally liable. Where concurrence in happening is charged, the question is simply: could the accident have happened without their cooperation? In other words, the negligence of the person charged need not be the sole cause of the injury. It is sufficient if his negligence, as an efficient cause concurring with one or more efficient causes other than his own faulty is the proximate cause of the injury.” The foregoing rule has been stated thusly: “ If the effects of the actor’s negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person’s innocent, tortious, or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability.” (Restatement, Torts 2d, vol. 2, § 439.)
In applying the pragmatic approach to the problem of proximate cause to determine whether a question of fact exists, courts 1 ‘ look back ’ ’ after the event. The court must reflect retrospectively to ascertain whether the initial actor’s conduct, which set in force the chain of events, caused a result that was so highly extraordinary, and whether the intervening force was so remote and unlikely, that the initial actor is relieved of responsibility (Restatement, Torts 2d, vol. 2, § 452. See comments b and c). This court does not believe that the instant case falls within that category. The impetus of the force of the false alarm allegedly transmitted by defendant Williams which caused the plaintiff’s vehicle to proceed at great speed continued until the time of the impact so that a fact question of causal relationship has been created for the jury’s determination.
In the nature of things, there is in every transaction a succession of events, more or less dependent upon those preceding, and it is the province of the jury to look at this succession of *103 events or facts, and ascertain whether they are naturally and probably connected with each other by a continuous sequence, or are dissevered by new and independent agencies.
The following cases buttress the conclusion reached by this court that defendants’ conduct may well have been a proximate cause or concurring cause of the accident and the resultant injuries to plaintiff. In Provenzo v. Sam (23 N Y 2d 256) plaintiff was driving his vehicle behind a car operated by defendant Martenson and noticed that it began to swerve back and forth on the highway, striking a parked vehicle, crossing the highway, colliding with a house, and then coming to a rest on the lawn with the driver slumped over the wheel. Believing that the driver had suffered a heart attack, plaintiff stopped his vehicle and attempted to cross the highway to render assistance, when he was struck by a car driven by defendant Sam. Defendant Martenson was not ill but had driven erratically due to intoxication. Plaintiff recovered a verdict at trial term against both defendants. The Appellate Division reversed, ordering a new trial (27 A D 2d 442) as to defendant Sam and dismissing the complaint as to defendant Martenson. On appeal by plaintiff from the dismissal of the complaint as to Martenson, the Court of Appeals reversed and ordered a new trial. While the primary discussion embraced in the opinion of the Court of Appeals relates to the applicability of the doctrine of rescue, it cannot be gainsaid that inextricably interwoven in that action, as in every negligence action, was the issue of proximate cause, which was touched upon tangentially in plaintiff’s brief and was considered by the Court of Appeals. Certainly the facts in that case disclose a situation where the misconduct of the defendant Martenson appears to be more remote as a cause of the accident and the result less foreseeable than that of the defendants in the case before this court. Furthermore, it should be noted that in the Provenzo case, the defendant Martenson’s misconduct was not intentional, unlike the instant case.
In Knudsen v. New Dorp Coal Corp. (27 A D 2d 935, affd. 23 N Y 2d 892) the radiator of plaintiff’s car was damaged when defendant’s truck backed into it, causing the anti-freeze liquid to drip out. Plaintiff backed up her car and the truck moved forward so that eight or nine feet separated the vehicles. About 40 minutes later a young child .suddenly dashed from the sidewalk between the defendant’s truck and the plaintiff’s car into the path of an oncoming auto. Plaintiff, in attempting to stop the child from running in front of that car, slipped on the anti-freeze in front of her car and sustained injuries. In *104 an action against the owner of the truck, the trial court dismissed the complaint on the ground that there was no causal relationship between the plaintiff’s injuries and the collision. The Appellate Division reversed, ordering a new trial, stating that there was sufficient evidence to present a case to the jury on the issue of proximate cause. The Court of Appeals affirmed.
In Luce v. Hartman (5 A D 2d 19, revd. 6 N Y 2d 786) defendant negligently drove her car into and knocked down a barbed wire fence enclosing a pasture in which plaintiff’s cows were grazing. Defendant thereupon drove up to plaintiff’s farmhouse, situated about a quarter of a mile away from the site of the accident, and informed him of what had occurred. Fearing that the cattle might stray upon the highway, plaintiff went to the scene of the accident for the purpose of rounding up the cows to take them to the barn. While doing so he fell into a hole in the pasture and sustained personal injuries for which he recovered a judgment upon a jury verdict at trial term. This was reversed by the Appellate Division on the ground that defendant’s act in breaking the fence was not the proximate cause of the accident and that it was not foreseeable that defendant’s negligence under the circumstances would result in plaintiff’s injuries. The Court of Appeals reversed, reinstating the verdict, upon the ground that the facts submitted as to negligence and proximate cause justified submission of the case to the jury.
Recently, in Thain v. City of New York (35 A D 2d 545), plaintiff, driving his vehicle, was injured in an intersection collision with another vehicle which, while being pursued by a police car, went through a red light. The court affirmed the judgment for plaintiff against the City of New York even though the police car did not come into contact with plaintiff’s car, because of the failure of the police officers to use the siren and flashing lights which might have alerted the plaintiff not to enter the intersection. The majority held that the negligence of the police officers could factually be found to be the proximate or concurring cause of plaintiff’s injuries.
In Brechtel v. Lopez (140 So. 2d 189 [La.]) plaintiff, a policeman, a passenger in a police car, was injured when it struck a utility pole while pursuing a car driven by defendant at a grossly excessive speed. The court held that defendant’s conduct was a proximate cause of the accident or, at least, the concurring cause with the “grabbing” of the brakes on the police car before it spun out of control. The court stated that the mere fact that this other force intervened did not absolve the defendant where injury to the police officer might reasonably be foreseen-
*105 From the review of the authorities above set forth, the court concludes that if the allegations of the complaint are established at a trial, a cabse of action sufficient to go to a jury will be presented.
The moving papers fail to .show any basis for a severance. Accordingly, defendants’ motion is denied in all respects.