M. Marvin Berger, J.
This case raises the question whether an information charging a man with stealing and criminal possession of automobile license number plates may survive a preliminary hearing, despite the fact that the owner of the vehicle to which the plates were attached never testified that as the owner of the vehicle, he had never authorized the defendant to take or possess the plates.
On September 25,1972, at noon, at Hart Street and Broadway in the Borough of Brooklyn, New York City Patrolman Richard Nabet saw the defendant, Lenny Meyers, unscrewing a license plate from a 1965 Ford automobile. The officer circled the block in his patrol car and on his next observation saw that one plate had been removed and was on the ground alongside Meyers who was removing the second plate. Patrolman Nabet questioned Meyers who said that the car belonged to a friend of his daughter, and that the friend, whose name and whereabouts Meyers \ *1004 could not state, had asked his daughter to request that he remove the plates.
Further investigation disclosed that two days earlier, Bertha Bamsey of Babylon, New York, had notified the Suffolk County police that her car was missing. The police issued an alarm. The license number of the plates on the Bamsey car, a Ford sedan, was identical with the number on the plates being removed by Meyers.
Meyers was arrested on charges of petit larceny and criminal possession of the number plates and possession of burglar’s tools, the screwdriver and wrench which he had been using.
At a preliminary hearing, after Nabet had testified to the foregoing facts, the defendant moved for dismissal on the ground that the People had failed to establish reasonable cause to believe that the defendant had committed the misdemeanors charged, in the absence of the testimony of the owner of the vehicle to which the plates belonged, establishing her ownership and lack of authority of the defendant to use the number plates. The court denied the motion and directed a jury trial of the case. This opinion explains the reasoning which prompted denial of the motion.
As stated by my learned colleague, the Hon. Eugene B. Canudo recently in People v. Giesa (71 Misc 2d 506 [1972]), an automobile larceny prosecution, many such prosecutions are dismissed for failure to prosecute because the car owner is unavailable or unwilling to appear or are reduced from felonies to misdemeanors ‘ ‘ because the prosecutor finds it necessary to bargain away a felony prosecution in return for the defendant’s stipulation that the owner, if called, would testify that he owned the car and gave no permission to the accused to take possession of it.”
Judge Canudo asserted (p. 507) that a New York City Police Department complaint report (Form PD 313-152) produced from the files of the arresting officer’s precinct reciting facts “ relating to] the ownership and the larceny of the car, describes the vehicle and states its value, gives the registration and vehicle identification number and other particulars * * * supplied by the owner complainant, at the time he reported the loss of his car ” was a business entry exception to the rule against admissibility of hearsay evidence (CPLB4518, subd. [a]). That rule permits admission into evidence of a memorandum or record of any transaction, occurrence or event made in the regular course of business, as proof of such happening, provided it was. made in accordance .with regular practice and simultaneously with or within a reasonable time after the event.
In Johnson v. Lutz (253 N. Y. 124 [1930]), the Court of Appeals held that a police report may not be admitted as a *1005 business record exception to the hearsay rule, unless the recorder witnesses the event, or the person supplying the facts to the recorder was under a business duty to do so.
A number of cases decided after Johnson, appear to have modified the business duty requirement. They are summed up in the opinion in Toll v. State of New York (32 A D 2d 47, 49 [3d Dept., 1969]) in the following language: “ in Kelly v. Wasserman (5 NY 2d 425 [1959]), in allowing the receipt of a record of the Welfare Department reciting statements of defendant, it appeared that the requirement that the informant be under a business duty to impart the information was abandoned. (Cf. Gutin v. Mascali & Sons, 11 N Y 2d 97, 99 [1962].) In Zaulich v. Thompkms Sq. Holding Co. (10 A D 2d 492 [1st Dept., I960]), where plaintiff’s at trial version of an accident was at variance with that given by him at the scene to a policeman and then recorded in the police report, the report was held to be admissible as a record made in the regular course of business and that it was, in any event, competent evidence to rebut the inference by plaintiff’s counsel that the patrolman’s testimony was a recent fabrication. In Chemical Leaman Tank Lines v. Stevens (21 A D 2d 556 [3d Dept., 1964]), a deputy Sheriff’s report containing defendant’s description of an accident, which was at variance with that related by her on trial, was received, it being held that the report was admissible as a business record and that the statements to the deputy were admissible as admissions of a party.”
The relaxation of the rule, suggested by the holding in Kelly v. Wasserman (supra) may be illusory. As pointed out in Chemical Leaman Tank Lines v. Stevens (21 A D 2d 556, 557, supra), the informant’s statements “ would have been admissible, in any event, as admissions of a party ”.
In 1970, Judicial Conference promulgated an amendment to CPLR 4518 of the rules portion of the CPLR by adding subdivision (c) to the effect that hospital records (CPLR 2306) and books, papers or other things of a library, department or bureau of a municipal corporation (CPLR 2307) “are admissible in evidence under this rule and are prima facie evidence of the facts contained, provided they bear a certification or authentication by the head of the hospital, library, department -or bureau of a municipal corporation or of the state, or by an employee delegated for that purpose.”
The language might perhaps supply what has been described as the truth-step, bridging the gap between proof that a statement was made and incorporated in a business record and proof *1006 that the statement is true. However, it appears that the amendment effected only a technical change with a remedial purpose only. In the words of the Sixteenth Annual Report of the New York Judicial Conference (1971, p. 43) “It was, of course, intended that the admissibility under this subdivision of the contents of the pertinent records would be governed by the same standards of relevancy which govern admissibility under subdivision (a).”
Nevertheless, there may be a “business duty ” basis for accepting a police report to demonstrate ownership of a stolen motor vehicle, and prima facie evidence of its theft, sufficient to permit what Judge Lehman has termed “provisional confidence ” to be placed in them (Matter of Roge v. Valentine, 280 N. Y. 268, 278 [1939]).
The court takes judicial notice of the fact that the Rating Bureau of the New York State Department of Insurance, with which all casualty insurance policies operative in this State are filed, reports that virtually all automobile theft policies carry a condition requiring the insured to notify the insurer in writing of the particulars of an accident, occurrence or loss, and, in the event of theft, also to notify the police.
The rationale for such a policy requirement is obvious. Not only may a report to the police result in recovery of the vehicle, but it may serve to apprehend the thief and prevent other thefts.
Trqe, New York has never recognized the common-law crime of misprision, the failure to report a crime, to raise the * hue and cry”. Nor, unlike the United States has the State ever made the offense a statutory crime. (United States v. Caldwell, 408 U. S. 665 [1972]; Lancey v. United States, 356 F. 2d 407 [9th Cir.], cert. den. 385 U. S. 922 [1966].) And, absent knowledge of the commission of a crime coupled with some affirmative act of concealment, it is doubtful that the owner of stolen property who fails to report the theft can be successfully charged with criminal facilitation (Penal Law, art. 115).
In any event, the ownership of a motor vehicle may readily be established as a business record pursuant to CPLR 4518, The owner of a motor vehicle is required, under section 401 of the Vehicle and Traffic Law to apply for its registration with proof of ownership. • The same section makes registration a prerequisite for operating the vehicle on the public highways of the State. The Commissioner of Motor Vehicles is directed to receive applications for .registration and maintain a record of such registrations. Thus, the record of registration may be admitted as prima facie evidence of ownership.
*1007 In the instant case, there is even a stronger basis for establishing ownership of the number plates and prima facie evidence that the defendant either stole them or was in criminal possession of them.
To begin with, the owner of the vehicle to which the plates were affixed, does not own the plates, but has custody of them. As of the date of the reported theft of the vehicle, the plates Avere permanent and made current by use of a removable, annual date tag. Thus, as provided by subdivision 4 of section 402 of the Vehicle and Traffic Law, the plates were the property of the State. Moreover, the provisions of the statute and regulations of the Commissioner of Motor Vehicles, prevent unauthorized transfer of plates from one vehicle to another and regulate the procedure to be followed if plates are lost, the OAvner dies or the vehicle is sold or transferred. In short, the right of custody to the plates by the OAvner of the vehicle for which they were issued, is readily demonstrable under CPLR 4518.
Secondly, the larceny of the plates was taking place in open view of the arresting officer, and so, it Avas unnecessary to show that the vehicle to which they were fastened, had been reported stolen.
Even in the absence of eyewitness testimony, a prima facie case of larceny may be readily made out Avithout the direct testimony of the owner of the vehicle. The contractual obligation of the OAvner of the automobile to report its theft was sufficient to warrant receiving in evidence the report of the theft, as an exception to the rule against hearsay evidence. An additional argument for placing provisional confidence in the owner’s report that his car had been stolen, is to be found in the provisions of section 240.50 of the Penal Law, which make it a misdemeanor for a person to report gratuitously to a law enforcement officer or agency, the alleged occurrence of an offense or incident which did not in fact occur. The duty to report truthfully an occurrence calling for police service, is a duty of reasonable conduct imposed by common law as Avell as by statute (Daas v. Pearson, 66 Misc 2d 95, affd. 37 A D 2d 921 [2d Dept., 1971]).
The larceny of the automobile having been shown, albeit by an exception to the rule against receipt of hearsay testimony, the court may rely on the established principle that the recent, exclusive possession of the fruits of a crime — in this case, the number plates — justifies the inference that the possession is criminal. (Richardson, Evidence [9th ed.], § 88; People v. Galbo, 218 N. Y. 283 [1916].) The inference is a presumption *1008 of fact to be determined by the trier of the facts in the light of the attendant circumstances. The fact that the presumption is not statutory does not weaken its force in a particular case. As stated in Justice v. Lang (52 N. Y. 323, 329 [1873]): “ Presumptive evidence and the presumptions or proofs to which it gives rise are not indebted for their probative force to any rules of positive law; but juries, in inferring one fact from others which have been established, do nothing more than apply, under the sanction of the law, a process of reasoning, the force of which rests on experience and observation, and such inferences are presumptions of facts.”
The defendant did not elect to testify at the hearing as was his privilege (CPL 180.60, subd. 6) nor offer to produce witnesses to provide an innocent explanation of his possession of the plates. Of course, if the case goes to trial, he will have the opportunity to present such evidence.
The charge that the defendant possessed burglar’s tools with intent to use them to commit theft, may be sustained, despite the lack of direct proof of ownership of the vehicle from which the plates were being detached. In addition to the police report, previously referred to, there were present circumstances strongly supporting the inferences which spelled out a prima facie case of possession of the tools for an unlawful purpose.
Proof of ownership from the mouth of the owner of the vehicle is not essential to sustain the People’s burden on a preliminary hearing. In the cases of People v. Borrero and People v. Lugo (26 N Y 2d 430 [1970]), the Court of Appeals sustained conviction of the defendants for possession of burglar’s tools. The fact that defendants looked into a number of parked.cars, attempted to enter one containing merchandise and fled upon the approach of individuals with keys to the car, was held to have sufficiently supported the conclusion that defendants possessed tools under circumstances showing an intent to use them to commit larceny. The Court of Appeals rejected defendants’ contention that the convictions must be reversed since there was no proof of ownership of the vehicle and held that while it would be preferable for the prosecution to introduce direct proof of another’s ownership of the vehicle, the defendants’ lack of ownership could be inferred from surrounding circumstances consistent with guilt and inconsistent with innocence.
In the instant case, removal of the number plates from a vehicle parked on a public street, if completed, would have subjected the owner to penalties resulting from abandonment of the vehicle *1009 (Vehicle and Traffic Law, § 1224, subd. 6) or parking the vehicle on a public street without plates. (§ 402, subd. 1.) •
Of course, it would be preferable to simplify proof of ownership of stolen property at a preliminary hearing by a ¡statutory presumption.
During the 1972 legislative session, at the instance of the Association of Judges of the Criminal Court of the City of New York, there was introduced in the Senate a bill (Sen. Intro. No. 9876) amending section 165.01 of the Penal Law by adding the following language: “ In any prosecution for the unauthorized use of a vehicle or criminal possession of stolen property the execution of an affidavit by the owner of such property attesting to his ownership and non-consent to possession of said property by the defendant shall be presumptive evidence of such ownership and of such non-consent until evidence is adduced putting such ownership or said non-consent in issue. ’ ’
This measure, together with a companion bill similarly establishing a rebuttable presumption of ownership and non-consent to use of property in prosecutions for criminal trespass, burglary or larceny (Sen. Intro. No. 9877) would facilitate greatly the capacity of the courts to hear and adjudicate the thousands of cases involving auto theft, larceny, criminal possession of stolen property, criminal trespass and burglary.
In the belief of this court, such a presumption would not be constitutionally infirm, as denying the defendant the right to confront witnesses nor would it compel the defendant to take the stand to overcome the statutory presumptions nor lessen the burden of the People to establish the defendant’s guilt beyond a reasonable doubt.
The court expresses the hope that the legislation will be introduced and enacted at the current legislative session.