ESTELLE JOHNSON, as Executrix of NELLIE JOHNSON, Deceased, et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 52985.)

Third Department, April 11, 1974.

*Louis J. Lefkowitz, Attorney-General* (*Jeremiah Jochnowitz* and *Ruth Kessler Toch* of counsel), for appellant-respondent.

*O'Connell & Aronowitz, P. C.* (*Cornelius D. Murray, Barry R. Fischer* and *Daniel Sleasman* of counsel), for respondents-appellants.

KANE, J. These are cross appeals from a judgment in favor of claimant, entered November 10, 1972, upon a decision of the Court of Claims.

On August 6, 1970 Emma Johnson died while a patient at the Hudson River State Hospital in Poughkeepsie and that institution sought to notify her next of kin so that arrangements could be made for the removal of her remains and burial. Unfortunately for the hospital, another Emma Johnson was also then a patient and it sent the appropriate telegram to the living Emma Johnson's sister, Nellie Johnson, whose estate is now one of the claimants, she having died prior to the trial of this action. In turn, Nellie Johnson communicated this news to her niece, Fleeter Thorpe, the claimant daughter of the living Emma Johnson. Not having discovered its error, the hospital released the body of the deceased Emma Johnson on the same day to an undertaker engaged by claimants who returned to Albany and prepared it for burial. The claimants first viewed these remains on August 11, 1970, the date scheduled for the proposed wake, and remarked on their relative's changed appearance. Their doubt of her identity persisted and resulted in a further examination later that day which proved to their satisfaction that they did not possess the body of the Emma Johnson known by them. The hospital was called, the error confirmed and the body returned. As a result, these claimants seek to be compensated for emotional shock together with an additional award for punitive damages. Fleeter Thorpe also seeks reimbursement for such items as funeral expenses and clothing, flowers, travel expenses and the like.

Following a trial of the issues, the court below awarded judgment to Fleeter Thorpe in the amount of $7,500 to include all damages, from which both parties appeal, but dismissed the claim of Nellie Johnson and that portion of the claim that sought punitive damages, from which the claimants appeal.

We have no difficulty in affirming the dismissal of Nellie Johnson's claim. There was no proof that she expended any

moneys or sustained other elements of damages as a result of these transactions. The proof concerning the existence and extent of her mental upset was furnished solely by Fleeter Thorpe and a daughter of Nellie Johnson without any medical corroboration or indication that she was compelled to seek treatment. The proof was simply insufficient, under the circumstances, to justify an award. Claimants' demands for punitive damages may also be summarily resolved. The facts of this case nowhere attain so much as an inference of intentional wanton or malicious conduct on the part of the hospital. (*Matter of Mastrodonato* v. *Town of Chili,* 39 A D 2d 824; *Snyder* v. *State of New York,* 20 A D 2d 827; *Costich* v. *City of Rochester,* 68 App. Div. 623; 14 N. Y. Jur., Damages, § 184; 63 C. J. S., Municipal Corporations, § 947.)

The scope of this appeal is thus reduced to consideration of the award made to Fleeter Thorpe. It may be subdivided into two distinct categories; the damages directly sustained as a result of the hospital's misrepresentation of fact precipitating unnecessary funeral and incidental expenses, and those damages of a medical and compensatory nature that relate to any permanency of a psychic injury. As to claimant's out of pocket expenses in preparing for a funeral for which she was not liable, we affirm the award. The State was obviously negligent in failing to ascertain the proper next of kin when it mistakenly transmitted the death notice which was a proximate cause of these expenditures. The State does not contest its liability for these expenditures on this appeal. The relationship between the daughter of a patient and this hospital was such that " in morals and good conscience the one has the right to rely upon the other for information, and the other giving the information owes a duty to give it with care " (*International Prods. Co.* v. *Erie R. R. Co.,* 244 N. Y. 331, 338). It was because claimant knew her mother to be a patient at the hospital that she credited and relied upon this information to her detriment in a manner foreseeable by the hospital which was under a duty to supply it with care. All the elements of a tort cause of action for negligent misrepresentation of fact having been established, it was proper to hold the State liable and the measure of damages correctly included the afore-mentioned funeral and incidental expenses (cf. *Daas* v. *Pearson,* 66 Misc 2d 95, affd. 37 A D 2d 921).

More troublesome is the inclusion of an amount in claimant's judgment for the emotional harm caused by learning of her mother's death and the subsequent discovery that this informa-

tion was untrue. The court below found that she sustained injuries wholly emotional in nature; namely, an anxiety neurosis which could recur, with apparently diminishing effect, for the rest of her life.

On appeal the State contends that the recoverability for negligently inflicted emotional injuries permitted by *Battalla* v. *State of New York* (10 N Y 2d 237) should be limited to situations in which the injury was induced by fear for one's personal safety citing *Tobin* v. *Grossman* (24 N Y 2d 609). Such an argument seems to have been rejected (*Tobin* v. *Grossman, supra*, p. 616) and, in any event, we conclude that this claimant cannot be regarded as a party directly injured by the State's conduct. Actually what is presented for our determination is whether a new cause of action should be created by expanding the State's duty, and therefore its liability, to encompass a claimant who sustains an *indirect* injury of an emotional nature under these circumstances.

The thrust of the *Tobin* decision indicates no new or additional cause of action should be created. The *Tobin* court considered several policy factors before concluding that a duty would not be created to favor victims of shock resulting from injury to others. They were foreseeability of injury, proliferation of claims, fraudulent claims, inconsistency of the zone of danger rule, unlimited liability and difficulty in circumscribing the areas of liability (*Tobin, supra*, p. 615). Following that formula in this case would produce a similar analysis and merely generate a repetition of the observations made under a slightly different factual pattern. It would also produce a similar dilemma for there is simply no practical way to recognize and compensate for this wrong without simultaneously creating some artificial distinctions in limiting the scope of the duty enunciated. Distant relatives or friends of the living Emma Johnson (and possibly others) could just as easily and seriously become affected by premature and mistaken news of her death followed by discovery of the true state of affairs as was the claimant. Furthermore, had the State actually caused the death of the living Emma Johnson by a negligent means in full view of her daughter, *Tobin* would not allow any award for her resulting emotional distress. Adhering to this principle, this court may not create some new duty on the part of the State in the relatively less serious area of negligent information concerning the status of a patient's health. Since " the risks of indirect harm from the loss or injury of loved ones is pervasive and inevitably realized at one time or another " (*Tobin, supra*,

p. 619), one must also accept the risks of indirect harm from incorrect. information and the discovery of its falsity when dealing with the same subject matter (cf. *Kalina* v. *General Hosp. of City of Syracuse,* 18 A D 2d 757, affd. 13 N Y 2d 1023).

Accordingly, the amount of Fleeter Thorpe's judgment must be reduced and limited to her pecuniary losses, excluding medical expenses and compensation for emotional harm.

The judgment should be modified, on the law, without costs, and the judgment directed to be entered in favor of the claimant Fleeter Thorpe in the amount of $1,658.47.

HERLIHY, P. J., STALEY, JR., SWEENEY and MAIN, JJ., concur.

Judgment modified, on the law, without costs, and judgment directed to be entered in favor of claimant Fleeter Thorpe in the amount of $1,658.47.