OPINION OF THE COURT
Harold J. Hughes, J.
This is a motion by the defendant James Harbeck for summary judgment.
The issue, apparently one of first impression in New York, is whether the driver of a motor vehicle, which is being pursued by a police vehicle, may be liable for the death of a pedestrian struck by the police vehicle in the pursuit.
Plaintiff’s action is to recover damages for wrongful death and conscious pain and suffering arising out of an accident which occurred on September 20, 1975. On that date the defendant James Harbeck was attending a "celebration” at Coyne Field in the Town of East Greenbush, Rensselaer County. There is some dispute as to what occurred upon Harbeck’s leaving the area in his automobile. According to the deposition of Harbeck, some of the attendees began fighting on the field. Harbeck went to his car and, as he was attempting to leave the parking lot, rocks were thrown at his car. He left "hurriedly” and proceeded along the highway designated as routes 9 and 20. He stated that at this time he was traveling between 35 to 40 miles per hour. He did not notice a police car in back of him, nor did he hear a siren or see any flashing lights. He drove to a friend’s house and thence to a tavern in the City of Rensselaer.
The defendant Richard Simm was a Deputy Sheriff for Rensselaer County on the day of the accident. While on duty he was directed to proceed to Coyne Field where there was a public disturbance. He was at the field for about a half hour when his attention was directed to the eastern end of the field. He drove his police vehicle to the intersection of routes 9 and 20 and observed a car being driven in an erratic manner on one of the side streets; more specifically he saw a car striking other cars as it proceeded along the street. Simm began to pursue this vehicle eastbound on routes 9 and 20. As Simm pursued the vehicle which was being driven by Harbeck, Simm was traveling at between 50 and 55 miles per hour. The pursuit continued for about a half mile and there were no other vehicles between Simm’s vehicle and Harbeck’s. During this chase, Simm’s lights were flashing and his siren was *38 operating. As Simm pursued the Harbeck vehicle along routes 9 and 20, the distance between the cars stayed about the same, approximately 100 to 150 yards. The Harbeck vehicle entered an intersection and Simm observed it go through a red light. As Simm entered the intersection, the light turned green, but plaintiff’s intestate, a young girl, was in the intersection and was struck and killed by the police vehicle.
Harbeck argues that he is free from negligence as a matter of law. He contends that he owed no duty to the plaintiff’s intestate, that the accident and her death were not reasonably foreseeable from his acts, and that his acts were not the proximate cause of the accident which resulted in her death. This court disagrees with all of these contentions.
The court begins by observing that although Harbeck claims he was unaware that he was being pursued by the police vehicle, a jury could find upon the facts set forth above that Harbeck ought to have been aware of the pursuit. By his own admission he left the parking lot "hurriedly” and, if the testimony of Simm is believed, Harbeck’s vehicle struck several vehicles on the side street. According to Simm’s testimony, his vehicle was between 100 and 150 yards behind Harbeck’s car, there were no cars in between, and Simm’s vehicle had its lights flashing and its siren operating. A jury could reasonably find from these facts that Harbeck was in fact aware of the pursuit, or that under the circumstances he should have been aware of it.
 The court will now address itself to the question of this defendant’s duty. A recent pronouncement of the Court of Appeals on this issue indicates that foreseeability and duty are two different aspects of negligence (Pulka v Edelman, 40 NY2d 781). In the landmark decision of Palsgraf v Long Is. R.R. Co. (248 NY 339, 344), Chief Judge Cardozo stated, "[t]he risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension.” In Pulka the majority held that this principle expressed in Palsgraf is applicable to determine the scope of duty, but only after it has been determined that the defendant was legally obliged to exercise care so as not to cause injury to the plaintiff. Unquestionably, a person who operates an automobile on a public highway has a general duty to the public at large to drive his automobile in a reasonable and prudent manner (Vehicle and Traffic Law, § 1180,. subd [a]). And more pertinent to the present case, it has been held that when the operator of a motor vehicle is *39 aware that an officer is seeking to stop him, he has a common-law duty to bring his vehicle to a stop without delay and in a reasonably safe place (see MacDonald v Hall, 244 A2d 809 [Me]). This court agrees with this conclusion and finds that if Harbeck was or reasonably should have been aware that he was being pursued by a police vehicle, he had a duty to stop his car (see, also, Vehicle and Traffic Law, § 1102).
It having been determined that Harbeck owed a duty of care to users of the highway, including plaintiff’s intestate, the question arises as to the scope of that duty, i.e., whether this defendant’s acts exposed plaintiff’s intestate to a foreseeable danger. In the words of Palsgraf (248 NY 339, supra), was the risk, which was created by Harbeck’s acts, to users of the highway within the range of apprehension? This court has no difficulty answering the question affirmatively.
There have been several decisions in other jurisdictions which have so held (see Ann 51 ALR3d 1226). In MacDonald v Hall (244 A2d 809 [Me], supra), one of the cases cited in the annotation, the court stated that the operator of a vehicle must foresee or reasonably anticipate that, upon his failure to reasonably stop, speed limits may be exceeded. The motorist is bound to anticipate that such pursuit invites danger, not only to the occupants of the respective vehicles, but to all users of the highway.
Finally, the court finds that Harbeck’s actions could be found to be a proximate cause of the accident (see Rhea v Green, 29 Col App 19). According to the testimony of Deputy Simm, Harbeck’s acts of striking the parked vehicles and his failure to stop caused the pursuit which resulted in the death of the infant. The fact that the chain of causation was interrupted by the intervening acts of the defendant Simm is not significant; Harbeck’s conduct had such an effect in producing the harm that reasonable persons might regard it as a "cause” (see Daas v Pearson, 66 Misc 2d 95, 101-102, affd 37 AD2d 921; Restatement, Torts 2d, § 431; 1 NY PJI2d 212).
For the foregoing reasons, this court holds that a driver of a motor vehicle, who is or who should reasonably be aware that his vehicle is being pursued by a police car, and fails to stop, may be held liable in negligence for the death of a pedestrian who is struck by the police vehicle.
The motion for summary judgment shall be denied, without costs.