OPINION OF THE COURT
Herbert Kramer, J.
The principal issue herein concerns the applicability of the tort of negligent misrepresentation to a mechanic’s statement about the condition of an automobile.
FACTS
This litigation arose after plaintiff purchased an automobile from the defendant, a Subaru dealer, in March, 1982. Plaintiff drove this vehicle for a period of approximately 90 days without incident. Thereafter, the automobile broke down on four separate occasions, for no apparent reason. The first breakdown occurred in Connecticut where plaintiff and her husband had to remain for two days waiting for the repair of the vehicle. The second breakdown occurred not far from plaintiff’s residence. The automobile was towed to the defendant dealer for repairs. Plaintiff inquired of the defendant’s mechanic as to the condition of her car and the feasibility of a trip to Canada. The mechanic assured plaintiff, in positive terms, that the car was in good working order, that the problem had been corrected *961 and that there was no mechanical reason not to take such a journey. Consequently, the plaintiff and her husband drove to Quebec. On their arrival, the car broke down and was supposedly repaired for the third time. They then continued on their way into the countryside and once more the car ceased to operate. It was towed back to Quebec where it was repaired for the fourth time. However, unlike the previous repairs, this time the true problem was ascertained and remedied.
DISCUSSION
Plaintiff brought suit in Part 31, Assignment and Arbitration, against the dealer for “extraordinary expenses incurred due to the sale of defective merchandise,” totaling $1,500. This court, when sitting in a pro se part, must consider all possible theories of liability. This decision, however, is grounded solely on the theory of negligent misrepresentation, with no consideration or discussion of breach of warranty and its effect.
Under a theory of negligent misrepresentation a cause of action will lie where a person negligently makes a false statement to another who sustains injury or loss in reliance thereon. (65 CJS, Negligence, § 20.) The person supplying the information must be under a duty to act with care and know that the information will be used for a serious purpose and that it will be relied upon and if false, the person relying on the information will be injured in person or property. (White v Guarente, 43 NY2d 356; Bivas v State of New York, 97 Misc 2d 524; International Prods. Co. v Erie R.R. Co., 244 NY 331; Glanzer v Shepard, 233 NY 236; Kurzweg v Hotel St. Regis Corp., 309 F2d 746.)
Plaintiff had the right to rely on statements made by the defendant’s mechanic with respect to the functioning of her automobile. Further, the mechanic knew the use to which plaintiff intended to put this information, to wit: a long car trip.
In order to be actionable the statement must be viewed in the setting in which it was made, “which will include the implications and the promptings of usage and fair dealing.” (Glanzer v Shepard, supra, at p 241.)
Recently, Judge Alan J. Saks held an automobile manufacturer liable under a new parts and service warranty for *962 the emotional harm suffered by a plaintiff while waiting for the parts required to repair her vehicle. (Bogner v General Motors Corp., NYLJ, Feb. 14, 1983, p 14, col 1 [Small Claims, Bronx County].) Although Bogner was founded in breach of warranty, unlike the instant case, Judge Saks emphasized the public policy aspects of this type of situation, which is of significance under any theory of liability.
The question of negligence on the part of a dealer in ascertaining and correcting a defect in a car after complaint by the owner, is for the trier of fact (Pabon v Hackensack Auto Sales, 63 NJ Super 476).
This court holds that defendant’s statement was negligently made and the damages incurred by the plaintiff flowed therefrom and are actionable at law.
A plaintiff may recover consequential damages for a negligent misrepresentation (Restatement, Torts 2d, § 552B), or the amount by which plaintiff’s costs have been increased because of his reliance on defendant’s statement (Texas Tunneling Co. v City of Chattanooga, 204 F Supp 821, revd in part on other grounds 329 F2d 402), or out-of-pocket expenses incurred. (Johnson v State of New York, 44 AD2d 151.)
Plaintiff is entitled to all consequential damages flowing from the negligent misrepresentation, including the cost of food and lodging while awaiting repairs in Canada, phone calls, alternate transportation and loss of earnings all incurred as a result of this negligence. All expenses incurred prior to the negligent statement are not recoverable, i.e., those that were incurred in Connecticut.
Verdict after trial for plaintiff in the amount of $600.