OPINION OF THE COURT
Angelo D. Lomanto, J.
This matter comes before me on the appeal of defendant-appellant from a conviction reached after jury trial in the Town Court of the Town of Johnstown on March 5, 1989. *289 Defendant was convicted of falsely reporting an incident in the second degree in violation of Penal Law § 240.55 (1).
The defendant raises four points with regard to the conduct of the trial, two of which concern the charge to the jury and another that concerns the time at which the jury was sent to deliberate. No objection to these purported defects was made at the time of trial, indeed, defendant and counsel consented to the jury charge and the procedure by which it was made. Accordingly I find that these purported errors were not properly preserved for appeal. (People v Satloff, 56 NY2d 745 [1982].)
The other issue raised by the defendant, that of the sufficiency of proof before the jury, is far more difficult to resolve. Defendant contends that the evidence before the trial jury was not legally sufficient.
The case arises from a fire that occurred on April 13, 1988. The fire took place on land owned by an individual named Kennedy, neighboring the land of the defendant. This landowner was also a member of the local volunteer fire company, and somewhat informally obtained the permission of the chief of his local company to conduct a controlled burn. Members of the company were present with a fire vehicle and in uniform during the time that the fire took place. It is clear from the record that the defendant did not believe that the fire was being properly controlled and made his opinion known to the firemen and the Sheriff. Unsatisfied with the response he received from these two authorities he then went to a nearby fire alarm box and activated it. Thereafter the burn was completed without damage to the defendant’s property and the defendant was charged with falsely reporting a fire.
Defendant argues that the report of the fire could not be false because there was an actual fire. The defendant argues that he ought not to be required to assess the seriousness of a fire emergency and that he has fulfilled his duty as a citizen merely by reporting what he believes to be an uncontrolled fire to the proper authorities. The People respond by saying that the statute seeks to prohibit a false report of an emergency involving fire, and that absent the emergency the report of a fire must be false.
The relevant words of the statute are:
"A person is guilty of falsely reporting an incident in the second degree when, knowing the information reported, conveyed or circulated to be false or baseless, he or she:
*290 "Initiates or circulates a false report * * * of an alleged occurrence or impending occurrence of a fire or an explosion under circumstances in which it is not unlikely that public alarm or inconvenience will result”. (Penal Law § 240.55 [1].)
The issue raised by defendant may be stated thusly: what standard of reasonableness applies to a defendant who makes a report of a fire emergency to a public or quasi-public authority. I find no case reported in this State involving a prosecution for falsely reporting an incident where this issue has been addressed. Cases involving other matters have spoken tangentially about a common-law standard of reasonableness. "The duty to report truthfully an occurrence calling for police service, is a duty of reasonable conduct imposed by common law as well as by statute”. (People v Meyers, 72 Misc 2d 1003, 1007 [Kings County 1973].) "There is a duty when reporting an occurrence calling for police, fire or other emergency service entailing rapid vehicular response, to do so truthfully. This is a duty of reasonable conduct imposed by common law as well as by statute.” (Daas v Pearson, 66 Misc 2d 95, 98 [Kings County 1971], affd 37 AD2d 921.)
I find that this standard is the correct one; the actions of a defendant charged with falsely reporting an incident under Penal Law § 240.55 must be examined by the trier of fact and measured against the standard of the behavior of a reasonable man in the same circumstances as the defendant. I find this to be especially true where the means of reporting is an automatic device. Where a phone call or an oral report of a fire is made the agency which receives the report has an opportunity to inquire and determine the reasonableness and accuracy of the report. In that instance a false report would be one where the defendant misrepresented the facts. However where a defendant utilizes an automatic fire-reporting device his duty to reasonably assess the danger of the fire is accordingly greater. For example a person who struck a match, placed it on a nonflammable surface and then pulled a fire alarm would clearly be guilty of falsely reporting a fire, despite the actual existence of a fire.
The facts of this case clearly demonstrate this distinction. When the defendant spoke to the firemen and then the Sheriff about his concern for the fire next to his property, whatever the nature of his difference of opinion with them as to the danger, he cannot be said to have falsely reported. However, when he went to the fire alarm and activated the device he *291 violated the statute, despite having the same opinion as to the danger of the fire as he held during his conversations with the authorities.
The final issue is whether or not the jury received sufficient instruction of this standard of reasonableness. The record indicates that the jury was instructed with regard to the defense of justification. Further in the course of their deliberations the jury requested that instruction to be read back to them three times. This was sufficient to allow the jury to apply the reasonable man standard to their determinations.
Accordingly the conviction of the court below is affirmed.