OPINION OF THE COURT
Martin G. Karopkin, J.
The defendant is charged with one count of a violation of Penal Law §§ 110.00 and 170.70 (3), attempted illegal possession of a vehicle identification number (VIN).
The factual allegations relate that the deponent, police *374 officer, "observed the defendant driving a 1984 Pontiac which had a VIN that was not attached by the manufacture [sic], ”
In recent months this court has observed a significant number of cases in which individuals are charged with possessing stolen vehicles based on a comparison of the so-called "public” VIN affixed to the dashboard and readily visible through the windshield, with the so-called "hidden” VIN, tucked away elsewhere in the car. What is disturbing about these cases is that many of the defendants have been able to produce bills of sale, registrations, certificates of title and insurance cards for these vehicles based on the public VIN. Virtually all of these defendants appear to be purchasers in good faith who had the misfortune of buying a car that had been stolen and had its visible, public VIN replaced by one from a similar car that was not stolen but was of little or no value, possibly a wreck.
Apparently, it is possible to openly purchase such a vehicle, register it and even obtain a certificate of title issued by the State of New York for it, without ever knowing that there is anything amiss.
Surely a better means of checking the proper identification numbers of motor vehicles should be required by law before they can be transferred, and certainly before the State issues a certificate of title. This would help to avoid subjecting innocent citizens to the onus of arrest and criminal prosecution, not to mention the loss of the vehicle for which true legal title has never passed.
The specific legal problem with the instant case, however, lies in the facial sufficiency of the accusatory instrument. Pursuant to CPL 100.15, a complaint must contain factual allegations tending to support the charges, while to rise to the level of an information under CPL 100.40, each and every element of those charges must be supported in nonhearsay form. (People v Dumas, 68 NY2d 729; People v Alejandro, 70 NY2d 133.)
In addressing the element of scienter with respect to this statute it is clear that "[a] central issue * * * [is] whether the defendant possessed the requisite knowledge of illegality” (People v Von Werne, 41 NY2d 584, 589 [1977]). This requires a showing of how the defendant knew that the vehicle had a VIN plate that was not affixed by the manufacturer.
It being possible to purchase, register, and obtain title *375 papers for a vehicle with an improper public identification number, the mere presence of such an improperly affixed number in and of itself is insufficient to establish knowledge.
Indeed, shortly after the Court’s decision in Von Werne (supra), the Legislature enacted Penal Law § 170.71 which establishes a statutory presumption of knowledge based on possession. However, that presumption only comes into play when a person possesses "five such whole vehicles or individual vehicle parts,” a circumstance not present in the instant case.
Further, the accusatory instrument provides no facts from which an inference of knowledge by the defendant might be drawn.
The total absence of any facts to explain in what manner the VIN plate was improperly affixed or any exposition of the expertise or training of the deponent to determine that the plate was not installed by the manufacturer, render his conclusions on this subject of no evidentiary value. (See, People v Mizell, 72 NY2d 651; see also, People v James, 138 Misc 2d 920.)
Even oral argument and representations made with regard to the instant case failed to provide additional information which would indicate that facts exist which could be provided to render this accusatory instrument sufficient at a future time. On the contrary, at his arraignment the defendant was able to produce documentation indicating that the vehicle was registered to and insured by a member of his immediate family. A bill of sale, indicating a recent, private, transfer of the vehicle along with a copy of a prior certificate of title, issued to the seller, provided strong evidence of a lack of scienter.
Consequently this instrument fails to meet the standards of an information or even of a complaint and no basis exists for delaying or denying dismissal. (See, CPL 140.45; People v Dumas, supra; People v Gore, 143 Misc 2d 106.)
It is ironic that a statute designed primarily to provide the police with means of addressing those who run "chop shops” or sell their wares should result in the arrest of others who may well be among the victims of those criminal entrepreneurs. (See, Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law §§ 170.65, 170.70, 170.71.)