OPINION OF THE COURT
Robert J. McDonald, J.
Defendant was charged with illegal possession of a vehicle *215 identification number (Penal Law § 170.70 [1]) which was subsequently reduced to the attempt (Penal Law §§ 110.00, 170.70 [1]).
Defendant moves for dismissal of the information, a bill of particulars and discovery, suppression of statement evidence, and suppression of physical evidence.
After reviewing the moving papers and the court file, the court finds as follows:
That branch which seeks to dismiss the information is denied. An examination of the information reveals that it conforms to the requirements of CPL 100.15, 100.40 and 170.30. A complaint must be dismissed as defective when it is insufficient "on its face” because the factual component of the complaint fails to "provide reasonable cause to believe that the defendant committed the offense charged”. (CPL 100.40 [1] [b].)
An information must contain nonhearsay allegations establishing, if true, every element of the offense charged and defendant’s commission thereof. (See, CPL 170.30 [1] [a]; 170.35 [1] [a]; People v Alejandro, 70 NY2d 133; People v Dumas, 68 NY2d 729.) On a motion to dismiss, every permissible reasonable inference must be drawn on behalf of the People from the allegations contained in the accusatory instrument. (See, People v Benziger, 36 NY2d 29.)
Defendant moves for dismissal of the charge of attempted possession of an illegal vehicle identification number (hereafter VIN). Defendant claims that the accusatory instrument is fatally defective because it does not contain the owner’s corroborating affidavit. Defendant, relying on People v McCabe (157 Misc 2d 373), which deals with Penal Law § 170.70 (3), posits that in view of the lack of such corroborating affidavit "the element of scienter” cannot be demonstrated.
In People v McCabe (supra), the defendant was charged with illegal possession of a VIN attached to a car he was operating for which the defendant had a bill of sale, registration, and certificate of title. In the instant case it is alleged that on January 15, 1995, Police Officer Sconzo observed "defendant to be carrying a dashboard to a vehicle” which had a VIN attached from a vehicle stolen December 10, 1994.
Defendant is charged with the attempted violation of Penal Law § 170.70 (1) which makes possession illegal when a defendant "knowingly possesses a vehicle identification number label sticker or plate which has been removed from the *216 vehicle * * * to which such label sticker or plate was affixed * * * in accordance with the provisions of the vehicle and traffic law”.
It is clear from a reading of those sections of the Vehicle and Traffic Law that a VIN must be attached by the manufacturer. (Vehicle and Traffic Law § 401 [1] [b]; § 431; People v Williams, NYLJ, Feb. 4, 1993, at 31, col 3.) As with license plates, the VINs are not the property of the "owner” but are necessary for the lawful use of the vehicle. (See, People v Meyers, 72 Misc 2d 1003; People v Williams, supra.) Therefore, an owner may not grant permission and authority to another to possess a VIN from a car which is registered in his name. Indeed, the defendant’s actions were inconsistent with lawful ownership and direct proof as to the lack of permission and authority by the owner is unnecessary. (See, People v Wayne, 161 Misc 2d 996; People v Guzman, 151 Misc 2d 289.) The unlawful possession of the subject VIN, WVWTS81HXRW506424, is established by the mere possession of a VIN attached to a dashboard which obviously had been removed from the subject automobile and which defendant was carrying.
In considering a motion to dismiss an information for facial insufficiency, it is necessary to distinguish between sufficiency for pleading purposes and a motion made at the trial. (People v Swamp, 84 NY2d 725; People v Rivera, NYLJ, July 9, 1990, at 26, col 4.)
That branch which seeks a bill of particulars is granted to the extent provided in CPL 200.95
That branch which seeks discovery is granted to the extent provided in CPL 240.20.
The People are reminded of their obligations under Brady v Maryland (373 US 83).
That branch which seeks suppression of statement evidence is granted to the extent that a pretrial Huntley hearing is ordered. (See, People v Huntley, 15 NY2d 72; CPL 710.60 [4]; 710.20 [3].)
That branch which seeks suppression of physical evidence is granted to the extent that a Mapp hearing is ordered to determine the admissibility of the evidence seized. (See, Mapp v Ohio, 367 US 643; CPL 710.60 [4].)